## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

**(212) 373-3020**

WRITER'S DIRECT FACSIMILE

**(212) 492-0020**

WRITER'S DIRECT E-MAIL ADDRESS

**dkramer@paulweiss.com**

March 15, 2013

<u>By Facsimile</u>

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

*Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 ("*Kaplan*")

Dear Judge Marrero:

      This firm, together with co-counsel Willkie Farr & Gallagher LLP, represents defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, and Steven A. Cohen (the "SAC Defendants") in this action. At the case management conference held before Your Honor on January 11, 2013 in the related Securities and Exchange Commission enforcement action, *SEC v. CR Intrinsic Investors, LLC*, No. 12 Civ. 8466 (VM), Your Honor asked the parties to inform the Court concerning relevant developments in *United States v. Martoma*, No. 12 Cr. 973 (PGG), that may bear on this case.

      In accordance with the Court's direction, we write to advise the Court that earlier today the SEC announced a settlement with a number of S.A.C. entities, including CR Intrinsic Investors, LLC, and S.A.C. Capital Advisors, LLC, the predecessor to S.A.C. Capital Advisors, L.P. (the general partner of which is S.A.C. Capital Advisors, Inc.), relating to the trading in Elan that is the subject matter of this action. Pursuant to the settlement, which will be submitted shortly to the Court for its approval, the S.A.C. entities are to disgorge to the SEC the profits gained and losses avoided as a result of the conduct alleged in the SEC complaint, including the Elan trading that is the subject of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Victor Marrero                                                                                          2

this case, together with prejudgment interest and penalties. In particular, the amount of such profit and avoided loss, as calculated by the SEC and agreed by defendants, is $274,972,541. The SEC complaint filed concurrently with the settlement specifies that $218.5 million of that sum relates to the SAC entities' trading in Elan securities over the relevant period.

If accepted by the Court, this settlement with the SEC will moot the *Kaplan* action. The Elan trading at issue in this case is exactly the same as the trading covered by the SEC settlement. (*Compare Kaplan*, No. 12 Civ. 9350 (VM), Dkt. No. 1 (Complaint) ¶ 116 and tbl. at p.26, *with SEC v. CR Intrinsic Investors, LLC*, No. 12 Civ. 8466 (VM), Dkt. No. 1 (Complaint) ¶ 54 and tbl. at p.18.) Section 20A of the Securities Exchange Act of 1934, under which the present action is brought, limits damages in contemporaneous trading actions to "the profit gained or loss avoided in the transaction or transactions that are the subject of the violation." 15 U.S.C. § 78t-1(b)(1). Furthermore, Section 20A expressly provides that this liability is to be "diminished by the amounts, if any, that such person may be required to disgorge, pursuant to a court order obtained at the instance of the Commission, in a proceeding brought under section 78u(d) of this title relating to the same transaction or transactions." 15 U.S.C. § 78t-1(b)(2). Thus, full disgorgement to the SEC extinguishes liability in this action and renders this action moot.

We will, of course, confer with plaintiffs to discuss the appropriate next steps in this matter.

Respectfully submitted,

*[signature]*

Daniel J. Kramer

cc:   All Counsel (by facsimile and email)

---

*Plaintiff is directed to respond by 3-20-13, by letter not to exceed three (3) pages, to the matter set forth above by defendants.*

**SO ORDERED.**

3-15-13
DATE     VICTOR MARRERO, U.S.D.J.