# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com

April 12, 2013

**BY FACSIMILE**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/13

Re:  *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM)

Dear Judge Marrero:

We, together with Pomerantz Grossman Hufford Dahlstrom & Gross LLP, represent Plaintiffs in the above-referenced action and write to request a case management conference or direction from the Court concerning further proceedings.

For the reasons below, we submit that, following entry of an Order appointing Lead Plaintiff and Lead Counsel, the *Kaplan* action should proceed with (i) the filing of a consolidated complaint and (ii) briefing of any motions to dismiss concerning both liability and the disgorgement defense raised by the SAC Defendants in their March 15, 2013 letter to the Court.

As explained below, the interests of a prompt and efficient resolution of the *Kaplan* action will be best served by advancing the litigation now, and neither of the pending contingencies – the proposed settlement in the related SEC action and the criminal proceedings against Defendant Mathew Martoma – warrants a delay.

First, with respect to disgorgement, while the determination of damages will ultimately turn on factual issues and the Court's exercise of its discretion on a full record, briefing the disgorgement issue now will crystalize the relevant legal standard and fact questions and permit the Court and the parties to evaluate the Class's claims and thereby provide a basis for any settlement discussions that the Court may choose to conduct or direct the parties to hold.

In addition, the need to brief and adjudicate these issues is not dependent on the SEC settlement; the correct measure of disgorgement will remain a live issue in this case regardless of whether the settlement in the SEC action is ultimately approved and consummated.

Second, with respect to the criminal proceedings against Defendant Mathew Martoma, while an outcome adverse to Mr. Martoma would clearly have collateral estoppel effect as to him with respect to liability, it would not address the disgorgement issue at all, and the question of whether an employer is collaterally estopped by a criminal conviction of its employee was

Hon. Victor Marrero  WOHL & FRUCHTER LLP
April 12, 2013
Page 2

recently vigorously contested on similar facts in *SEC v. Rajaratnam*, No. 09 Civ. 8811 (JSR), *see* ECF Nos. 239 and 242. Accordingly, we would expect the SAC Defendants to similarly dispute that they were bound by facts established at trial, and Mr. Martoma's conviction, if it occurs, will therefore add further motion practice, rather than permitting the *Kaplan* action to proceed efficiently.

We further note that in light of Mr. Martoma's recent replacement of the Stillman & Friedman firm as his counsel, there is a significant prospect that his criminal trial will be delayed.

We have conferred with Defendants regarding these matters and they have advised us that they believe it is premature to discuss scheduling until the Court rules on the pending Lead Plaintiff motion, and other contingencies are resolved.

We are available at Your Honor's convenience and thank the Court for its consideration of this submission.

Respectfully submitted,

*[signature]*

Ethan D. Wohl

cc: All Counsel of Record (via email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.

SO ORDERED.

4-12-13
DATE     VICTOR MARRERO, U.S.D.J.