USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAVID E. KAPLAN, et al.,            :
                                    :   12 Civ. 9350
            Plaintiffs,             :
                                    :   **DECISION AND ORDER**
    - against -                     :
                                    :
S.A.C. CAPITAL ADVISORS, L.P.,      :
et al.,                             :
                                    :
            Defendants.             :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiffs in this matter (the "Kaplan Plaintiffs") have submitted a letter to the Court "seek[ing] the direction of the Court as to whether publication of new notice pursuant to the [Private Securities Litigation Reform Act of 1995 (the "PSLRA")] is warranted" (Dkt. No. 59) in light of the recently filed consolidated amended complaint.

The PSLRA requires, in relevant part, that not more than 20 days after a complaint is filed, plaintiffs "shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A). "Although courts typically disfavor republication when a

complaint is amended, courts have required new notice where the amended complaint substantially alters the claims or class members." <u>Waldman v. Wachovia Corp.</u>, No. 08 Civ. 2913, 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009).

The Court notes two principal differences between the complaints at issue here. First, the consolidated class action complaint adds more than two years (July 1, 2006 through July 18, 2008 inclusive) to the original class period of July 21, 2008 through July 29, 2008 inclusive. Second, and more significantly, the consolidated class action complaint asserts new claims. Both the original complaint and the published notice focused primarily, although not exclusively, on buyers of investments in Elan Corporation, plc. (<u>See</u> Dkt. No. 1 at ¶2 ("This action is brought on behalf of all investors who purchased or otherwise acquired Elan ADRs and call options, and/or sold put options . . ."); <u>see also</u> Dkt. No. 17 Ex. A-1 (notice announcing class action).) By contrast, the consolidated class action complaint asserts a class of "all Elan investors who traded contemporaneously with and opposite to the SAC Defendants" for the relevant period. (<u>See</u> Dkt. No. 57 at ¶2.)

The Court finds that these differences warrant republication of notice in this matter. While Courts have

-2-

held that alteration of the class period, without more, does not require republication, see, e.g., Turner v. ShengdaTech, Inc., No. 11 Civ. 1918, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011), more substantial alteration of the claims can tilt the balance, see Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc., No. 05 Civ. 1898, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005). There is no debate that the consolidated class action complaint adds new claims: the Kaplan Plaintiffs acknowledge as much in their submission to the Court. (See Dkt. No. 59 at 3 ("At the same time, the facts underlying the newly-asserted claims have received extensive press coverage over the past six months . . .").)

These additions make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice, and that "[a]llowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process." Id. at *3. As such, the Court orders the Kaplan Plaintiffs to republish notice in this action to reflect the asserted class and class periods in the consolidated class action complaint pursuant to the requirements of the PSLRA.

**SO ORDERED.**

Dated:    NEW YORK, NEW YORK
          24 May 2013

                                        _____
                                              VICTOR MARRERO
                                                 U.S.D.J.