# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/13

June 17, 2013

**BY FACSIMILE**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (Kaplan)

Dear Judge Marrero:

We, together with Pomerantz Grossman Hufford Dahlstrom & Gross LLP, are Co-Lead Counsel for the *Kaplan* Plaintiffs in the above-referenced action. Pursuant to Paragraph II.A of Your Honor's Individual Practices,[1] we write to request a pre-motion conference for relief from the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

Procedural Background. Following discussion of relief from the PSLRA discovery stay at the May 24, 2013 case management conference before Your Honor, the parties met and conferred on June 4 and again on June 7. The SAC Defendants objected to production of documents previously produced to the Securities and Exchange Commission ("SEC") on the grounds that such production would be overbroad; Defendant Mathew Martoma further objected to providing the productions received by him from the SEC or U.S. Attorney's Office ("USAO").

At Defendants' request, Plaintiffs supplied caselaw supporting their position. At Defendants' suggestion, Plaintiffs also provided a list of targeted document requests to narrow the scope of production sought. The SAC Defendants subsequently responded on June 14 that they would not consent to any waiver of the PSLRA stay; counsel for Mr. Martoma did not reply to either of Plaintiffs' two follow-up emails after the parties' second meet-and-confer.

Scope of Production Sought. The *Kaplan* Plaintiffs seek (i) trading records evidencing the SAC Defendants' trades in Elan Corporation, plc securities during the Class Period (the "Trading Records"), and (ii) documents produced by the SEC and USAO to Defendant Martoma (the "Merits Discovery"). Each category is discussed separately below.

The PSLRA Stay and Grounds for Relief Therefrom. Section 21D(b)(3)(B) of the Securities Exchange Act of 1934,[2] as amended by the PSLRA, requires that discovery be stayed pending any motion to dismiss "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."

---

[1] Defendants declined to submit a joint letter, as contemplated for discovery disputes by Paragraph III.

[2] References herein to a "Section" are to the Securities Exchange Act of 1934.

Hon. Victor Marrero  
June 17, 2013  
Page 2

WOHL & FRUCHTER LLP

<u>Grounds for Production of the Trading Records</u>. New PSLRA notice was directed by the Court by Decision and Order dated May 24, 2013 [ECF No. 60], and such notice was issued by the *Kaplan* Plaintiffs the same day. Lead plaintiff motions are due on July 23, 2013. The Trading Records are necessary for the Court to adjudicate such motions as mandated by the PSLRA.

The PSLRA adopts a rebuttable presumption that the Court should appoint as lead plaintiff the movant with, *inter alia*, the "largest financial interest in the relief sought by the class . . . ." Section 21D(a)(3)(B)(iii)(I)(bb). A private plaintiff can assert an insider trading claim only if he or she traded "contemporaneously" with the defendant. Section 20A(a); *Wilson v. Comtech Telecomms. Corp.*, 648 F.2d 88, 94 (2d Cir. 1981). Courts in this Circuit "have tended to find that five or even seven days between the trades" qualifies as contemporaneous. *Brodzinsky v. FrontPoint Partners LLC*, No. 11CV10, 2012 WL 1468507, at *5 (D. Conn. Apr. 26, 2012).

Accordingly, absent the Trading Records, the Court will be unable to fulfill a basic directive of the PSLRA – to determine which movant has the largest financial interest in the case. Indeed, absent the Trading Records, the Court might select a lead plaintiff who is later determined to have *no* contemporaneous trades and therefore no claim at all.[3] Without the Trading Records, Plaintiffs, and any competing movants, will also be prejudiced in selecting the investors among them who have the largest contemporaneous trades and are therefore the best qualified movants.

Courts have previously granted relief from the PSLRA stay to allow discovery from defendants regarding standing and other threshold, jurisdictional matters. *See Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1222 (W.D. Okla. 2008) (allowing discovery regarding which particular investment products the plaintiffs had purchased, where defendants challenged their standing); *In re Baan Co. Sec. Litig.*, 81 F. Supp. 2d 75, 83 (D.D.C. 2000) (permitting discovery concerning personal jurisdiction). In addition, the PSLRA itself authorizes discovery in connection with lead plaintiff determinations, without limitation on the persons from whom such discovery may be obtained. Section 21D(a)(3)(B)(iv).

<u>Grounds for Production of Merits Discovery</u>. A principal purpose of the PSLRA discovery stay is to "prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement," *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (citing H.R. Conf. Rep. No. 104-369 (1995)), and many courts have therefore recognized that relief from the stay is appropriate with respect to documents already produced to or by the defendants where one or more other factors also tilt in favor of disclosure, as follows:

*First*, courts have lifted the stay *where a regulatory settlement affects the securities plaintiffs' litigation or settlement strategy*. In *LaBranche*, 333 F. Supp. 2d at 183-84, Judge Sweet found undue prejudice and lifted the discovery stay in light of the defendants' settlement with the SEC and New York Stock Exchange, observing that "[t]he requested discovery is essential to determine [the lead plaintiffs' litigation] strategy and to assist in formulating an appropriate

---

[3] In their pre-motion to dismiss letter, the SAC Defendants asserted that Plaintiffs have failed to adequately plead contemporaneousness, and therefore lack standing. While Plaintiffs disagree that their allegations regarding contemporaneousness are insufficient at the pleading stage, they have now been contacted by Elan investors with trades during each week in the Class Period. They therefore expect to be able to dispose of any possible standing objection in a further amended complaint, but doing so without the Trading Records will likely necessitate joining a large number of investors as plaintiffs.

Hon. Victor Marrero
June 17, 2013
Page 3

**WOHL & FRUCHTER LLP**

settlement demand." Similarly, in *Waldman v. Wachovia Corp.*, No. 08 CIV. 2913(SAS), 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009), Judge Scheindlin found undue prejudice and lifted the PSLRA stay following the defendants' settlement with the SEC, observing that "lead plaintiffs must determine whether to continue with this case despite the settlement reached between defendants and the SEC, which will afford some compensation to the plaintiff class."

Here, as the SAC Defendants themselves have repeatedly asserted, their settlement in the related SEC action significantly affects the litigation landscape, and consistent with *LaBranche* and *Waldman*, Plaintiffs should now be allowed to evaluate their claims and strategy in light thereof.

*Second*, courts have also granted relief from the stay *when other pending litigation would prejudice the securities plaintiffs' litigation and settlement strategy*. In *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002), Judge Cote lifted the discovery stay because absent relief from the stay, the lead plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape" and "would essentially be the only major interested party in the criminal and civil proceedings against WorldCom without access to documents that currently form the core of those proceedings." *Accord In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004); *In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004); *Pension Trust Fund for Op. Engineers v. Assisted Living Concepts, Inc.*, No. 12-CV-884-JPS, 2013 WL 1878943, at *3 (E.D. Wis. May 3, 2013); *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 CIV.6942(SAS), 2005 WL 388561, at *1-2 (S.D.N.Y. Feb. 17, 2005).

Here, both civil and criminal litigation is proceeding against Defendant Martoma. In addition, news reports indicate that a number of senior SAC officials, including Defendant Steven Cohen, have been subpoenaed to appear before a grand jury, and that negotiations between the government and the SAC Defendants are occurring, including a possible deferred prosecution agreement. Saijel Kishan & Patricia Hurtado, *Five Top SAC Employees Said to Get Insider Probe Subpoenas*, Bloomberg, May 20, 2013. The *Kaplan* Plaintiffs should not suffer the prejudice of being the only parties without access to the relevant documents.

*Third*, courts have granted relief from the stay *where the defendant faces insolvency or other major corporate changes*. See *Assisted Living Concepts, Inc.*, 2013 WL 1878943, at *3 (sale of company); *Royal Ahold*, 220 F.R.D. at 251 (restructuring); *WorldCom*, 234 F. Supp. 2d at 302 (bankruptcy). Here, it has been widely reported that Defendant SAC Capital may return outside capital and become a "family office." *See* Kishan & Hurtado, *supra*. If that occurs and Plaintiffs later obtain a judgment against SAC Capital but not Defendant Cohen, collection against former investors could be difficult or impossible. *See, e.g., Freeman v. Williamson*, 890 N.E.2d 1127, 1134-35 (Ill. App. Ct. 2008) (clawback claims against limited partners of defunct Delaware investment fund time-barred under Delaware law).

Respectfully submitted,

*Ethan Wohl*

Ethan D. Wohl

cc: All Counsel of Record (via email)

---

The parties are directed to address the matter set forth above to Magistrate Judge Kevin Fox, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

6-18-13
Date

VICTOR MARRERO, U.S.D.J.