UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID E. KAPLAN, ROXY D. SULLIVAN, LINDSEY RANKIN, MICHAEL S. ALLEN, GARY W. MUENSTERMAN, and CHI-PIN HSU, Individually and on Behalf of All Others Similarly Situated,

                    Plaintiffs,

-against-

S.A.C. CAPITAL ADVISORS, L.P., S.A.C. CAPITAL ADVISORS, INC., CR INTRINSIC INVESTORS, LLC, STEVEN A. COHEN, MATHEW MARTOMA, and SIDNEY GILMAN,

                    Defendants.

No. 12-cv-9350(VM)
ECF Case

---

## DEFENDANT MATHEW MARTOMA'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM PSLRA DISCOVERY STAY

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel P. Roeser (DR2380)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendant Mathew Martoma*

July 1, 2013

**Table of Contents**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 3

      THERE IS NO BASIS TO LIFT THE PSLRA'S MANDATORY STAY. ....................... 3

           A.      Plaintiffs Have Not Demonstrated "Undue Prejudice." .............................. 3

           B.      Plaintiffs' Discovery Requests Are Not "Particularized." ......................... 5

           C.      The Protective Order In The Criminal Case Does Not Allow
                  Sharing Discovery With The Class Action Plaintiffs ................................ 8

CONCLUSION ........................................................................................................................ 8

## **Table of Authorities**

**Cases:**

*380544 Can., Inc. v. Aspen Tech., Inc.*,
  2007 WL 2049738 (S.D.N.Y. July 17, 2007) ....................................................................... 4, 7

*In re Am. Funds Sec. Litig.*,
  493 F. Supp. 2d 1103 (C.D. Cal. 2007) ............................................................................... 6, 7

*Atsushi Mori v. Mamoru Saito*,
  802 F. Supp. 2d 520 (S.D.N.Y. 2011) ...................................................................................... 6

*Brigham v. Royal Bank of Can.*,
  2009 WL 935684 (S.D.N.Y. Apr. 7, 2009) ................................................................................ 4

*Davis v. Duncan Energy Partners L.P.*,
  801 F. Supp. 2d 589 (S.D. Tex. 2011) ..................................................................................... 5

*In re Fannie Mae Sec. Litig.*,
  362 F. Supp. 2d 37 (D.D.C. 2005) ....................................................................................... 6, 7

*Faulkner v. Verizon Communs., Inc.*,
  156 F. Supp. 2d 384 (S.D.N.Y. 2001) ............................................................................ 1, 5, 6, 7

*In re GMR Secs. Litig.*,
  2012 WL 5457534 (S.D.N.Y. Nov. 8, 2012) .............................................................................. 3

*In re Smith Barney Transfer Agent Litig.*,
  2006 WL 1738078 (S.D.N.Y. June 26, 2006) ....................................................................... 5, 7

*In re Smith Barney Transfer Agent Litig.*,
  2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) ............................................................................. 4

*In re Spectranetics Corp. Sec. Litig.*,
  2009 WL 3346611 (D. Colo. Oct. 14, 2009) .............................................................................. 7

*In re Sunrise Senior Living Derivative Litig.*,
  584 F. Supp. 2d 14 (D.D.C. 2008) ..................................................................................... 4, 5, 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  674 F. Supp. 2d 483 (S.D.N.Y. 2009) ................................................................................... 4, 7

*NECA-IBEW Pension Trust Fund v. Bank of Am. Corp.*,
  2011 WL 6844456 (S.D.N.Y. Dec. 29, 2011) ........................................................................ 3, 7

*Union Cent. Life Ins. Co. v. Ally Fin., Inc.*,
 2012 WL 3553052 (S.D.N.Y. Aug. 17, 2012) .......................................................................... 1

**Statutes:**

15 U.S.C. § 78u-4(b)(3)(B) ........................................................................................................ 1, 3

Defendant Mathew Martoma respectfully submits this memorandum of law in support of his Opposition to Plaintiffs' Motion for Relief from the Private Securities Litigation Reform Act of 1995 (the "PSLRA") Discovery Stay.  Mr. Martoma also joins in and incorporates herein by reference the opposition to plaintiffs' motion filed by S.A.C. Capital Advisors, L.P., and related S.A.C. entities (the "SAC Defendants' Opposition").

## PRELIMINARY STATEMENT

Plaintiffs assert claims under the Securities Exchange Act of 1934 ("Exchange Act").  As this Court is aware, under Section 21D(b)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), discovery is automatically stayed until such time as the Court has sustained the legal sufficiency of the complaint.  *See* 15 U.S.C. § 78u-4(b)(3)(B); *Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, 2012 WL 3553052, at *2-*5 (S.D.N.Y. Aug. 17, 2012) (denying plaintiffs' request to lift the automatic stay).  The PSLRA "'creat[es] a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss.'" *Union Cent. Life Ins.*, 2012 WL 3553052, at *2 (emphasis in original) (quoting *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)); *see also Faulkner v. Verizon Communs., Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001) ("Because the [PSLRA] plainly and unambiguously provides for the stay of '*all* discovery,' further judicial inquiry is unnecessary." (emphasis in original)).

Plaintiffs argue that the Court has discretion to lift the stay.  But the Exchange Act allows the stay to be lifted only for "particularized" discovery requests in two narrow circumstances— (i) where necessary to preserve evidence, or (ii) to prevent undue prejudice.  15 U.S.C. § 78u-4(b)(3)(B).  Plaintiffs do not argue that immediate discovery is needed to preserve evidence.

Thus, the only basis to allow discovery here would be if plaintiffs can demonstrate actual "undue prejudice," which they hardly attempt to do. Indeed, at bottom, plaintiffs argue that they should gain early discovery from Mr. Martoma simply because they believe it would be easy for him to provide such discovery. Such argument has no basis in law and must be rejected.

Moreover, plaintiffs entirely dispense with the threshold requirement of submitting "particularized" discovery requests, as plaintiffs seek certain trading records and the blanket production of **all** documents previously produced to Mr. Martoma in *other* legal proceedings (even though virtually all such documents are protected by a Protective Order entered by Judge Gardephe). The mere fact that plaintiffs refer to their request as "merits discovery" is a red flag that such discovery is neither relevant to plaintiffs' forthcoming motion for lead plaintiff nor actually necessary at this early stage of the litigation. (Pl. Mem. in Supp. of Mot. for Relief From PSLRA Stay at 15, 19 [hereinafter *Mem.*] (seeking "merits discovery" Mr. Martoma "received from the Government" in other legal proceedings).) Indeed, the entire purpose for the PSLRA is to prevent costly and unnecessary discovery—such as plaintiffs' "merits discovery"— before it is absolutely necessary. Plaintiffs' argument for trading records to support their motion for lead plaintiff should likewise be rejected, as argued in the SAC Defendants' Opposition, but plaintiffs' effort to bootstrap "merits discovery" to their request for trading records is particularly inappropriate overreaching.[1] (Mem. at 2, 15, 19.)

For these reasons, and for the reasons stated in the SAC Defendants' Opposition, the Court should deny plaintiffs' motion to lift the automatic stay of discovery and enforce the clear

---

[1]  Plaintiffs' request for "merits discovery" also flies in the face of their prior arguments concerning the PSLRA stay. In a letter to the Court but two months ago, plaintiffs noted that "[t]he PSLRA discovery stay bars any progress in this litigation until motions to dismiss are decided." (Letter from Plaintiffs to Judge Marrero, at 2 (Apr. 29, 2013), ECF No. 53.)

language of the Exchange Act, requiring that no discovery take place until the Court has affirmatively decided that the complaint states a viable claim.

## ARGUMENT

### THERE IS NO BASIS TO LIFT THE PSLRA'S MANDATORY STAY.

Under the Exchange Act's express terms, the mandatory stay of discovery may be lifted only if "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to th[e] [moving] party." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs have failed to meet this exacting standard.

**A. Plaintiffs Have Not Demonstrated "Undue Prejudice."**

Plaintiffs do not argue that there is a need to preserve evidence (and no such need exists). Rather, they attempt to argue prejudice based on the fact that *other* interested parties have access to discovery materials, and such materials would help plaintiffs as "litigation advances and settlement discussions occur." (Mem. at 23.) Put another way, plaintiffs argue that, because Mr. Martoma received some discovery—albeit in separate legal proceedings, among different parties, and pursuant to a protective order (at least with respect to the criminal case)—the class action plaintiffs should get some discovery too. This tit-for-tat reasoning might be effective in the school yard, but it does not pass muster under the law of this Circuit. As courts in this district have noted, "[t]his argument, devoid of any specifics, can be used in virtually every case subject to the PSLRA and, if accepted, would create an exception that would swallow the PSLRA's automatic discovery stay." *NECA-IBEW Pension Trust Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3 (S.D.N.Y. Dec. 29, 2011).

Indeed, it is well settled that "[w]hether other individuals have access to the documents sought is not . . . controlling." *In re GMR Secs. Litig.*, 2012 WL 5457534, at *1 (S.D.N.Y. Nov.

3

8, 2012). Courts in this district have repeatedly emphasized that:

> Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered. . . . The discrepancy between PSLRA actions and other actions is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions.

*Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 489 (S.D.N.Y. 2009) (quoting *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at * 2 (S.D.N.Y. Aug. 8, 2006)); *accord, e.g.*, *380544 Can., Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *4 (S.D.N.Y. July 17, 2007) (same). In this District, the law is clear: the fact that Mr. Martoma has received certain discovery—in separate legal proceedings—does *not* entitle plaintiffs to any discovery under the PSLRA.

The only other "prejudice" that plaintiffs identify is that they will get certain documents after parties in other litigation—in other words: delay. However, "[m]ere delay does not constitute undue prejudice, because 'delay is an inherent part of every stay of discovery required by the PSLRA.'" *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) (citation omitted); *accord Kuriakose*, 674 F. Supp. 2d at 489. Simply put, "Congress intended that the prejudice [necessary to get relief from] the stay must exceed that resulting from routine SEC securities litigation." *In re Sunrise Senior Living Derivative Litig.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008).[2] Moreover, "the mere fact 'that the discovery stay will prevent plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice.'" *Kuriakose*, 674 F. Supp. 2d at 489 (quoting *Aspen Tech.*, 2007 WL 2049738, at *4); *accord Brigham v. Royal Bank of Can.*, 2009

---

[2] As noted in the SAC Defendants' Opposition, courts have distinguished plaintiffs' cases as presenting "unique circumstances" that created an exceptional risk of prejudice not present here.

WL 935684, at *2 (S.D.N.Y. Apr. 7, 2009) ("[P]laintiff's inability . . . to plan a litigation strategy is not evidence of undue prejudice." (quoting *Refco*, 2006 WL 2337212, at * 2).

In short, the fact that Mr. Martoma received certain discovery (most of which is subject to a protective order) in separate legal proceedings does not entitle plaintiffs to any relief from the stay under the PSLRA. And plaintiffs here will suffer *no* prejudice by obtaining discovery after resolution of motions to dismiss. Accordingly, their motion should be denied.[3]

### B. Plaintiffs' Discovery Requests Are Not "Particularized."

Plaintiffs also have failed to satisfy "the threshold burden of seeking 'particularized discovery.'" *See Faulkner*, 156 F. Supp. 2d at 404. Indeed, plaintiffs do not even attempt to argue that their request is particularized. To the contrary, they seek the blanket "production of documents produced to Defendants by the SEC and USAO." (Mem. at 19.) In making this demand, plaintiffs ignore the governing law and the fundamental requirement that they make particularized discovery requests.

The basic requirement that discovery requests be particularized ensures that plaintiffs do not circumvent the PSLRA, create an undue burden on other parties, or obtain discovery to which they are not entitled. Whether a request is particularized is fact-specific. *See Faulkner*, 156 F. Supp. 2d at 404-05; *see also Sunrise Senior Living*, 584 F. Supp. 2d at 16-17 (considering volume of documents requested and fact that they "involv[e] issues different from those in dispute in this case" when holding request not particularized); *Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 592-93 (S.D. Tex. 2011) (holding that discovery requests are not

---

[3] Plaintiffs cite cases involving insolvent defendants and argue that they would be prejudiced in competing for a limited pool of settlement funds. (Mem. at 24.) Here, however, the defendants are plainly solvent. *See In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) (rejecting relief from discovery stay, explaining that "Plaintiffs offer no evidence that Defendants lack the resources needed to reach a settlement or to satisfy a judgment." (citing *In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2003), and *Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131, 134 (S.D.N.Y. 2003))).

particularized in the context of the specific nature of the underlying litigation and noting that "plaintiffs neither argue nor attempt to show that their discovery requests are particularized"). At the very least, to be "considered 'particularized' for purposes of the PSLRA," a discovery request must "'identif[y] specific types of evidence that fall within its scope.'" *Atsushi Mori v. Mamoru Saito*, 802 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (quoting *Fisher v. Kanas*, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006)). Requests for voluminous documents that may be irrelevant to plaintiffs' underlying claims are particularly suspect. *See, e.g.*, *Faulkner* 156 F. Supp. 2d at 404-05; *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (request not particularized where "[p]laintiffs have not identified specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert"); *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38-39 (D.D.C. 2005).

In this case, plaintiffs do not attempt to identify the type of evidence they seek. Instead they simply demand all "documents produced by the SEC and USAO."[4] (Mem. at 15.) In other words, without specifying any particular type of discovery, plaintiffs just demand that Mr. Martoma immediately produce *millions* of pages of discovery. This is a textbook example of an overbroad and general (*i.e.*, not particularized) discovery request that would sweep in voluminous and irrelevant material, including documents collected from numerous third parties, to which plaintiffs are not entitled. *See, e.g.*, *Faulkner*, 156 F. Supp. 2d at 404-05 (holding discovery request not particularized where plaintiffs requested "all documents, testimony and transcripts that have been previously produced or will be produced in the future, amounting to more than 45,000 pages of documents," many of which "are not relevant to the securities fraud claim here"). Plaintiffs' request here for *all* documents previously produced can only be

---

[4] Plaintiffs also seek trading records spanning two years. (Mem. at 2.) Plaintiffs are not entitled to these documents at this time for the reasons set forth in the SAC Defendants' Opposition.

6

described as a fishing expedition aimed at circumventing the PSLRA.[5] *See NECA-IBEW Pension Trust Fund*, 2011 WL 6844456, at *1 (explaining that the purpose of the PSLRA was "to limit abusive discovery to prevent fishing expedition lawsuits.") (citations and internal quotation marks omitted); *accord Vivendi Universal*, 381 F. Supp. 2d at 129-30.

Plaintiffs also suggest that the burden on Mr. Martoma would be minimal because he was the recipient of discovery productions. (Mem. at 21-23.) That argument is wrong on the law. Simply put, "[t]here is no exception to the discovery stay for cases in which discovery would not burden the defendant." *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006); *accord Kuriakose*, 674 F. Supp. 2d at 487 ("[C]onsideration [of the burden on defendant] is insufficient to lift the discovery stay."); *Sunrise Senior Living*, 584 F. Supp. 2d at 17 ("[T]he ease with which the defendant can produce the documents is not the standard for assessing whether a discovery request is particularized."); *Aspen Tech.*, 2007 WL 2049738, at *2 (same).[6]

---

[5] Despite plaintiffs' assertion to the contrary, merely because plaintiffs seek documents that have been produced by or to a government agency does *not* render their request sufficiently particularized under the PSLRA. *See Vivendi Universal*, 381 F. Supp. 2d at 130 (holding plaintiffs did not seek a "particularized degree of discovery" and would not be prejudiced by the stay where they sought documents already produced by defendants to government agencies, including the SEC); *accord In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *3 (D. Colo. Oct. 14, 2009) ("A discovery request is less likely to be sufficiently particularized where it encompasses numerous documents that, although previously provided to investigators, might be irrelevant to a private securities claim."); *Am. Funds*, 493 F. Supp. 2d at 1107; *Fannie Mae*, 362 F. Supp. 2d at 38-39.

[6] Plaintiffs' cases are inapposite. In each case cited by plaintiffs, the documents at issue were produced by the defendant to the government. Here, of course, it is the other way around. The difference is particularly meaningful where, as here, much of the discovery has been produced by the USAO in connection with a criminal matter, *pursuant to a protective order*, where the government has chosen to discharge its discovery obligations by producing voluminous "records [that] seem to have marginal relevance." (Status Conference Tr. at 9:18, *United States v. Martoma*, No. 12 Cr. 973(PGG) (S.D.N.Y. March 5, 2013); *see also* Status Conference Tr. at 15:11-12, *United States v. Martoma*, No. 12 Cr. 973(PGG) (S.D.N.Y. June 5, 2013) (USAO stating that production contains "a large amount [of data]" that is "not necessarily particularly salient").) Plaintiffs' requests therefore "encompass an open-ended, boundless universe of discovery," and is "[f]ar from particularized . . . ." *Faulkner*, 156 F. Supp. 2d at 405 (citation omitted); *accord Sunrise Senior Living*, 584 F. Supp. 2d at 16-17 (holding request not particularized where defendant "would have to review (again) every document provided to the SEC, to identify irrelevant documents").

7

Plaintiffs' request for immediate and complete "merits discovery" should be denied. Plaintiffs have not even attempted to make a particularized request and have instead revealed their true intention to obtain whatever they can in complete disregard of the PSLRA stay.

### C. The Protective Order In The Criminal Case Does Not Allow Sharing Discovery With The Class Action Plaintiffs

Finally, plaintiffs' request is particularly troublesome here, as the discovery sought is subject to a protective order in the criminal case. Pursuant to that protective order, Mr. Martoma is required to use the documents provided by the government "solely for purposes of this criminal action . . . ." (Protective Order ¶ 1(a)). Under that order, Mr. Martoma must first seek leave of the Court before using information subject to the order in any other proceeding. *Id.* Thus, plaintiffs' request for complete "merits discovery" not only undermines the very purpose of the PSLRA, but it also would require a court order from *another judge* in a separate proceeding. Plaintiffs have no right to discovery under the PSLRA or under the Protective Order.

### CONCLUSION

For the foregoing reasons, and for the reasons stated in the SAC Defendants' Opposition, Mr. Martoma respectfully requests that the Court deny plaintiffs' motion.

Dated: July 1, 2013  
      New York, NY

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Richard M. Strassberg
   Richard M. Strassberg (RS5141)
    (rstrassberg@goodwinprocter.com)
   John O. Farley (JF4402)
    (jfarley@goodwinprocter.com)
   Daniel P. Roeser (DR2380)
    (droeser@goodwinprocter.com)

   The New York Times Building
   620 Eighth Avenue
   New York, New York 10018
   Telephone: (212) 813-8800

   Roberto M. Braceras (RB2470)
    (rbraceras@goodwinprocter.com)
   53 State Street
   Boston, Massachusetts 02109
   Telephone: (617) 570-1000

   *Attorneys for Defendant Mathew Martoma*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)