UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
DAVID E. KAPLAN, ROXY D.            :
SULLIVAN, LINDSEY RANKIN,           :
MICHAEL S. ALLEN, GARY W.           :
MUENSTERMAN, and CHI-PIN            :     12 Civ. 9350 (VM)
HSU, Individually and on            :
Behalf of All Others                :         **ORDER**
Similarly Situated,                 :
                                    :
            Plaintiffs,             :
                                    :
      - against -                   :
                                    :
S.A.C. CAPITAL ADVISORS, L.P.,      :
S.A.C. CAPITAL ADVISORS, INC.,      :
CR INTRINSIC INVESTORS, LLC,        :
STEVEN A. COHEN, MATHEW MARTOMA,    :
and SIDNEY GILMAN,                  :
                                    :
            Defendants.             :
------------------------------------X
BIRMINGHAM RETIREMENT AND           :
RELIEF SYSTEM, Individually         :
and on Behalf of All Others         :
Similarly Situated,                 :
                                    :
            Plaintiffs,             :
                                    :
      - against -                   :
                                    :
S.A.C. CAPITAL ADVISORS, LLC,,      :
S.A.C. CAPITAL ASSOCIATES, LLC,     :
INTERNATIONAL EQUITIES, LLC         :
S.A.C. SELECT FUND, LLC             :
CR INTRINSIC INVESTORS, LLC,        :
STEVEN A. COHEN, MATHEW MARTOMA,    :
CR INTRINSIC INVESTMENTS, LLC       :
and SIDNEY GILMAN,                  :
                                    :
            Defendants.             :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

ORDER APPOINTING CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM AND KBC ASSET MANAGEMENT NV AS LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF COUNSEL

Plaintiff City of Birmingham Retirement and Relief System and putative class member KBC Asset Management NV ("KBC," and collectively, the "Institutional Investor Group") have filed a motion for appointment of lead plaintiff and appointment of lead counsel (the "Motion") pursuant to the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). (Dkt. No. 106.) Defendants CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C Select Fund, LLC, and Steven A. Cohen (collectively, the "SAC Defendants") submitted a response (Dkt. No. 110), and the Institutional Investor Group subsequently submitted a reply (Dkt. No. 112).

The SAC Defendants raise two issues with respect to KBC's involvement in the Motion. Neither disqualifies KBC from serving as lead plaintiff in this matter.

First, the SAC Defendants argue that KBC failed to advise the Court that it has served as a lead plaintiff in five securities class actions during the prior three years, thus

running afoul of the PSLRA's so-called "five-in-three" rule. <u>See</u> 15 U.S.C. § 78u-4(a)(3)(B)(vi) ("Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period."). But the PSLRA was primarily focused on restricting private individuals from acting as professional plaintiffs, and the Court follows others in this jurisdiction in holding that institutional investors like KBC need not be subject to the "five-in-three" rule. <u>See, e.g.</u>, <u>Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC</u>, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009); <u>Kuriakose v. Federal Home Loan Mortg. Co.</u>, No. 08 Civ. 7281, 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008).

Second, the SEC Defendants argue that at least three of the seven KBC funds at issue do not have timely claims and that KBC has only a minor financial stake in this litigation. While noting that the Institutional Investor Group disputes the SAC Defendants' legal analysis in calculating the repose period, the Court need not plumb the depths of this issue here because it applies to only three of the seven KBC funds and is

3

not dispositive of KBC's adequacy as lead plaintiff (and because the parties' filings indicate that the Court surely will have opportunity to review extensive briefing on statute of repose issues at later stages of this litigation). In addition, the relative size of KBC's financial interest in this case will not act as a bar where, as here, there are no other competing applications to serve as lead plaintiff.

Upon consideration of the filings related to this matter, the Court finds good cause to appoint the Institutional Investor Group as Lead Plaintiff, and the law firms of Scott+Scott, Attorneys at Law, LLP and Motley Rice LLC as Lead Counsel for the class.

Accordingly, it is hereby

**ORDERED** that City of Birmingham Retirement and Relief System and KBC Asset Management NV are appointed as Lead Plaintiff for the class pursuant to Section 21D(a)(3) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995; and it is further

**ORDERED** that the law firms of Scott+Scott, Attorneys at Law, LLP and Motley Rice LLC are appointed as Lead Counsel for the class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**SO ORDERED.**

Dated:     New York, New York
           22 October 2013

Victor Marrero
U.S.D.J.