UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID E. KAPLAN, et al.,<br><br>        Plaintiffs,<br><br>   - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 12 Civ. 9350 (VM) (KNF)<br><br>ECF Case |
| BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al.,<br><br>        Plaintiffs,<br><br>   - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>       Defendants. | No. 13 Civ. 2459 (VM) (KNF)<br><br><u>Oral Argument Requested</u> |

**DEFENDANT SIDNEY GILMAN'S JOINDER IN MOTION TO DISMISS**
<u>**THE JOINT CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**</u>

BRACEWELL & GIULIANI LLP

1251 Avenue of the Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100

*Attorneys for Defendant Sidney Gilman*

Defendant Sidney Gilman, M.D. ("Dr. Gilman") respectfully joins in the Motion to Dismiss the Joint Consolidated Amended Class Action Complaint (the "Motion to Dismiss") filed by Defendants S.A.C. Capital Advisors, L.P.; S.A.C. Capital Advisors, Inc.; CR Intrinsic Investors, LLC; CR Intrinsic Investments, LLC; S.A.C. Capital Advisors, LLC; S.A.C. Capital Associates, LLC; S.A.C. International Equities, LLC; S.A.C. Select Fund, LLC; and Steven A. Cohen (collectively, the "SAC Defendants"), with respect to the first and second claims, the only claims in which Dr. Gilman is named as a defendant. In these two claims, plaintiffs allege liability under Section 10(b) of the Exchange Act, SEC Rule 10b-5, and Section 20A of the Exchange Act.

The amended complaint does not allege that Dr. Gilman traded in Elan or Wyeth securities, and he did not do so. On November 16, 2012, Dr. Gilman signed a consent to judgment in *SEC v. CR Intrinsic Investors, LLC*, No. 12 Civ. 8466 (VM) (the "SEC Action"), in which Dr. Gilman agreed with the SEC, among other things, "that the Court shall order disgorgement of ill-gotten gains and prejudgment interest thereon." (Ex. 1 at ¶ 5.)[1] The SEC determined the proper amount of disgorgement to be $186,781, plus prejudgment interest in the amount of $48,087. (*Id.* at ¶ 3(b).) The SEC calculated the amount of disgorgement based on an independent review. On November 20, 2012, this Court entered judgment in the SEC Action and ordered that Dr. Gilman was "liable for disgorgement of $186,781, representing profits gained as a result of the conduct alleged in the [SEC's] Complaint, together with prejudgment interest in the amount of $48,087." (Ex. 2 at III.) Dr. Gilman has paid the full amount that the SEC determined should be disgorged plus prejudgment interest. (Ex. 3 at 1170:10-13; 1371:7-12.)

---

[1] "Ex. __" refers to exhibits attached to the Declaration of Laurence Silverman, dated April 28, 2014. In ruling on this motion, the Court may refer to documents incorporated by reference in the complaint, matters of public record, and authentic documents that plaintiffs' claims are based upon, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007), and should disregard allegations of the complaint that are inconsistent with those documents, *Press v. Quick & Reilly, Inc.*, 218 F.3d 121, 128-29 (2d Cir. 2000). All of the exhibits referenced herein are matters of public record.

Although plaintiffs contend that the SEC did not seek full disgorgement from the SAC Defendants, the amended complaint does not allege that the SEC made any error in its calculation of Dr. Gilman's disgorgement amounts; nor does the amended complaint raise any issue as to whether Dr. Gilman has paid in full all ill-gotten gains plus interest. As with the SAC Defendants, plaintiffs' claims against Dr. Gilman should be dismissed because Dr. Gilman has disgorged his profits to the SEC. *See* 15 U.S.C. § 78t-1(b).

Regardless of whether the Motion to Dismiss is granted, Dr. Gilman respectfully submits that his motion to dismiss should be granted because he has indisputably disgorged all amounts earned from the alleged misconduct. Dr. Gilman's motion should not be denied on a theory of joint and several liability. The amended complaint does not allege that Dr. Gilman traded or directed anyone else to trade in Elan or Wyeth securities, and he made no such trades. Plaintiffs allege that the SAC Defendants earned and avoided losses of hundreds of millions of dollars from their trades. (Joint Consolidated Amended Class Action Complaint at ¶ 1.) By contrast, Dr. Gilman did not receive any financial benefit from the trading, and the consulting fees he forfeited are miniscule by comparison.

Dr. Gilman signed a consent to judgment in the SEC Action and paid his disgorgement in full. Dr. Gilman also entered into a non-prosecution cooperation agreement (the "Cooperation Agreement") with the United States Attorney's Office for the Southern District of New York (the "USAO-SDNY"). Pursuant to the Cooperation Agreement, Dr. Gilman fully complied with the burdensome obligations to cooperate extensively with the government about virtually limitless topics.[2] Dr. Gilman was called by the USAO-SDNY as a cooperating witness in Defendant Matthew Martoma's criminal trial, and he testified extensively, including three days on cross-examination. Dr. Gilman already has suffered devastating financial and professional injury

---

[2] For example, he agreed to completely disclose all information with respect to the activities of himself and others concerning all matters about which the USAO-SDNY inquired and/or requested his testimony.

following the announcement of the Cooperation Agreement and consent to judgment with the SEC.[3]

It is well-settled that the Court has discretion regarding joint and several liability. *See, e.g., SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 330 (S.D.N.Y. 2007) ("Although the court has the discretion to find joint and several liability when two or more defendants have collaborated in the illegal conduct . . . courts have declined to do so where defendants have differing levels of culpability . . . .") (internal citations omitted); *see also SEC v. Falbo*, 14 F. Supp. 2d 508, 528 n.25 (S.D.N.Y. 1998). Based on the indisputable facts, we respectfully submit that the Court should exercise its discretion and grant the 81-year-old Dr. Gilman's motion to dismiss, notwithstanding any theoretical possibility of joint and several liability.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Motion to Dismiss, Dr. Gilman respectfully requests that the Court dismiss in full and with prejudice the claims in the amended complaint alleged against all parties. However, even if the Motion to Dismiss is denied, Dr. Gilman respectfully requests that the Court dismiss the amended complaint as to him. It would be counterproductive to keep Dr. Gilman as a defendant in this case on the theoretical possibility of liability for the alleged hundreds of millions of dollars of profits earned or losses avoided by the SAC Defendants.

---

[3] Within days, Dr. Gilman retired from the University of Michigan Medical Center, where he had enjoyed an illustrious medical career. (Ex. 3 at 1163:13-14; 1167:19-25).

Dated: New York, New York
April 28, 2014

                        Respectfully submitted,

                        BRACEWELL & GIULIANI LLP

                        By:  /s/ Laurence Silverman
                              Laurence A. Silverman
                              David R. Kolker

                        1251 Avenue of the Americas
                        New York, New York  10020-1104
                        (212) 508-6100
                        larry.silverman@bgllp.com
                        david.kolker@bgllp.com

                        *Attorneys for Defendant Sidney Gilman*

#4536145.12