# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com

May 20, 2014

**BY FACSIMILE**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/14

Re: *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (KNF) (All Actions)

Dear Judge Marrero:

We are co-lead counsel for the *Kaplan* Plaintiffs in the above-referenced action and write on behalf of all Plaintiffs.

Defendants filed their motions to dismiss, as scheduled, on April 28. Following review and analysis of the issues presented, Plaintiffs determined that the SAC Defendants' brief raised a new and complex question of law related to loss causation. While we believe the pending complaint is sufficient as pled, we also believe that a short amendment of the complaint would likely avoid the need for the Court to resolve that question, and simplify the matters to be adjudicated. Plaintiffs accordingly contacted Defendants last Wednesday, May 14, and requested they consent to amendment. Defendants replied that they would need to review the proposed amendment, which Plaintiffs tendered yesterday morning, a copy of which is attached (Att. A).

Today, the SAC Defendants proposed that Plaintiffs proceed with briefing on the agreed schedule, under which Plaintiffs' opposition brief is due next Wednesday, May 28. The SAC Defendants declined, however, to deem the complaint amended, or to confirm that they would in fact address the substance of the amendment in their reply brief. The parties' correspondence is attached (Att. B).

Plaintiffs are amenable to moving forward on the schedule now in place, and will do so absent direction from the Court to proceed otherwise. Dr. Gilman consents to this approach; Mr. Martoma has not advised Plaintiffs of his position. We respectfully request the Court's direction

Hon. Victor Marrero
May 20, 2014
Page 2

**WOHL & FRUCHTER** LLP

if it believes Plaintiffs should proceed differently, by formally seeking amendment now, or otherwise.

Respectfully submitted,

*Ethan Wohl*

Ethan D. Wohl

Attachments

cc:   All Counsel of Record (via email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.

SO ORDERED.

5-21-14
DATE          VICTOR MARRERO, U.S.D.J.

PLAINTIFFS' PROPOSED AMENDMENTS TO JOINT
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

May 19, 2014

136. The specific interim safety data, and the insights Gilman provided regarding efficacy, were never publicly disclosed during the Class Periods. Such data and insights, however, provided material information about the safety and efficacy of bapi, the likelihood that Elan and Wyeth would initiate a Phase 3 clinical trial, and the likelihood that the Phase 2 clinical trial would produce encouraging results. In addition, such data and insights guided the decision by Elan and Wyeth to initiate a Phase 3 clinical trial and were reflected in the top-line results for the Phase 2 clinical trial announced by Elan and Wyeth on June 17, 2008.

\* \* \*

142. The specific Phase 2 bapi safety data, the PowerPoint presentations prepared for SMC meetings, and Gilman's perspective on them were never publicly disclosed during the Class Periods. Such data, the information in such presentations, and Gilman's perspective on them, however, provided material information about the safety and efficacy of bapi, the likelihood that Elan and Wyeth would initiate a Phase 3 clinical trial, and the likelihood that the Phase 2 clinical trial would produce encouraging results. In addition, such data, information and perspective guided the decision by Elan and Wyeth to initiate a Phase 3 clinical trial and were reflected in the top-line results for the Phase 2 clinical trial announced by Elan and Wyeth on June 17, 2008.

\* \* \*

ATTACHMENT A

## LOSS CAUSATION

510. Loss causation is established with respect to the claims herein because the Inside Information provided to the SAC Defendants (a) was material, and (b) the SAC Defendants actually used such information in making the SAC Insider Trades.

511. With respect to the Insider Buying Period, had the Inside Information been disclosed, Elan and Wyeth securities would have traded at higher prices, and Plaintiffs would not have sold their Elan and Wyeth securities, would have delayed selling, or would have sold at higher prices.

512. With respect to the Insider Selling Period, had the Inside Information been disclosed, Elan and Wyeth securities would have traded at lower prices, and Plaintiffs would not have purchased their Elan and Wyeth securities, would have delayed purchasing, or would have purchased at lower prices.

513. Nondisclosure of the Inside Information by Defendants in breach of their duty to disclose or abstain from trading on it therefore caused Plaintiffs' economic loss.

514. Loss causation is further established with respect to the Insider Buying Period because the value of Elan and Wyeth securities materially increased when the Inside Information was later disclosed to the market, as follows:

(a) On May 21, 2007, Elan and Wyeth announced their decision to initiate Phase 3 clinical trials of bapi (the "Phase 3 Announcement"). The Phase 3 Announcement was based on and reflected the positive Inside Information concerning bapi's safety and efficacy that the SAC Defendants received and used in making the SAC Insider Trades prior to such date.

(b) In response to the Phase 3 Announcement, the trading price of Elan ADRs increased by $2.09, or 12.6% and the trading price of Wyeth shares increased by $2.03, or 3.6%.

(c)     On June 17, 2008, Elan and Wyeth announced top-line (summary) results for the Phase 2 clinical trial (the June 17 Announcement). The June 17 Announcement was based on and reflected the positive Inside Information concerning bapi's safety and efficacy that the SAC Defendants received and used in making the SAC Insider Trades prior to such date.

(d)     In response to the June 17 Announcement, the trading price of Elan ADRs increased by $2.89, or 10.7% and the trading price of Wyeth shares increased by $2.08, or 4.8%.

515.    Loss causation is further established with respect to the Insider Selling Period because the value of Elan and Wyeth securities materially decreased when the Inside Information was later disclosed to the market, as follows:

(a)     On July 29, 2008, Elan and Wyeth announced the full Phase 2 trial results (the July 29 Announcement). The July 29 Announcement publicly disclosed the negative Inside Information concerning bapi that the SAC Defendants received and used in making the SAC Insider Trades during the Insider Selling Period.

(b)     In response to the July 29 Announcement, the trading price of Elan ADRs decreased by $14.12, or 41.8% and the trading price of Wyeth shares decreased by $5.37, or 11.9%.

516.    The *Kaplan* Plaintiffs have preliminarily calculated Elan Investor Class out-of-pocket damages for ADR purchases during the Insider Selling Period, using a 51-trader model, based only on the price reaction following the July 29 Announcement, as approximately $672,000,000.

**Ethan Wohl**

| | |
|---|---|
| **From:** | Soloway, Audra J <asoloway@paulweiss.com> |
| **Sent:** | Tuesday, May 20, 2014 12:42 PM |
| **To:** | Ethan Wohl |
| **Cc:** | Gregg S. Levin (glevin@motleyrice.com); Kramer, Daniel J; Gertzman, Michael E |
| **Subject:** | RE: Kaplan v. SAC |

Ethan, that is largely correct. The SAC defendants are proposing that, rather than plaintiffs seeking leave to amend the complaint at this time, we continue to brief the pending motion to dismiss on the schedule that the parties jointly presented to the Court. Plaintiffs are free to argue, in their opposition brief, that if there is a problem with loss causation, they should be permitted to amend the complaint as they propose. And, the SAC defendants will respond to whatever proposal plaintiffs make in our reply brief.

**Audra J. Soloway | Partner**
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3289 (Direct Phone) | (212) 492-0289 (Direct Fax)
asoloway@paulweiss.com | www.paulweiss.com


**From:** Ethan Wohl [mailto:ewohl@wohlfruchter.com]
**Sent:** Tuesday, May 20, 2014 11:32 AM
**To:** Soloway, Audra J
**Cc:** Gregg S. Levin (glevin@motleyrice.com)
**Subject:** Kaplan v. SAC

Audra,

Following up our telephone conversation, I am writing to confirm Defendants' proposal regarding how to proceed with respect to Plaintiffs' proposed amendment of the complaint.

We understand Defendants are proposing that, rather than amend the complaint now as Plaintiffs proposed, we instead proceed with briefing the motions to dismiss the operative complaint on the agreed schedule, that Plaintiffs tender their proposed amendment to the Court for its consideration in conjunction with the current briefing, and that Defendants will address the amendment in their reply brief as they deem fit.

Is that correct?

Thank you,

Ethan

Ethan D. Wohl | office 212 758 4097 | mobile 347 262 2329

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this

1

**ATTACHMENT B**