UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| DAVID E. KAPLAN, et al., Individually and on Behalf of All Others Similarly Situated, | : |
| | : |
| Plaintiffs, | : No. 12 Civ. 9350 (VM) (KNF) |
| | : |
| | : ECF CASE |
| - against - | : |
| | : |
| S.A.C. CAPITAL ADVISORS, L.P., et al., | : ORAL ARGUMENT REQUESTED |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al., Individually and on Behalf of All Others Similarly Situated, | : |
| | : No. 13 Civ. 2459 (VM) (KNF) |
| Plaintiffs, | : |
| | : ECF CASE |
| - against - | : |
| | : |
| S.A.C. CAPITAL ADVISORS, L.P., et al., | : ORAL ARGUMENT REQUESTED |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### PLAINTIFFS' RESPONSE TO DEFENDANT SIDNEY GILMAN'S JOINDER IN MOTION TO DISMISS THE JOINT CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Lead Plaintiffs in Case No. 12 Civ. 9350, David E. Kaplan, Michael S. Allen, Chi-Pin Hsu, Gary W. Muensterman and Fred M. Ross, and Lead Plaintiffs in Case No. 13 Civ. 2459, City of Birmingham Retirement and Relief System and KBC Asset Management NV, respectfully submit this response to Defendant Sidney Gilman's Joinder in Motion to Dismiss the Joint Consolidated Amended Class Action Complaint [ECF No. 132] (the "Joinder").

In addition to joining in the Motion to Dismiss the Joint Consolidated Amended Class Action Complaint filed by the SAC defendants [ECF No. 129] (the "SAC Motion"), the Joinder argues that the Joint Consolidated Amended Class Action Complaint should be dismissed as

against Dr. Gilman because he has made full disgorgement and the Court, he argues, has

discretion regarding the imposition of joint and several liability.  Joinder at 2, 4.  The cases Dr.

Gilman cites, however, *SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319 (S.D.N.Y. 2007), and *SEC*

*v. Falbo*, 14 F. Supp. 2d 508 (S.D.N.Y. 1998), did not involve the operative statute here, Section

20A of the Securities Exchange Act of 1934 ("Section 20A"), 15 U.S.C. § 78t-1.  Section 20A

contains a provision, subsection (c), that expressly addresses tipper liability.  It provides:

> (c) Joint and several liability for communicating
>
> Any person who violates any provision of this chapter or the rules or regulations thereunder by communicating material, nonpublic information ***shall be jointly and severally liable under subsection (a) of this section*** with, and to the same extent as, any person or persons liable under subsection (a) of this section to whom the communication was directed.

(Emphasis added.)

This provision is mandatory, and Section 20A's legislative history shows that it was

intended to strike a balance with respect to deterrence, explaining:

> The legislation provides that persons who violate the law by communicating information shall be liable in the new express action for contemporaneous trades jointly and severally with, and to the same extent as, persons 'to whom the communication was directed.'  This language, which parallels that used in the penalty provisions of the bill, ensures that the communicator would not be subject to potential liability for the profits gained or losses avoided by all persons who may have ultimately learned of the information.  This provision is intended to ensure that the potential liability of communicators is not so enormous that it would chill legitimate communication.

H.R. Rep. No. 100-910 (1988), *available at* 1988 WL 1096434, at *19.

Accordingly, the Court should not further restrict the liability expressly imposed by

statute.  In addition, any assessment of the equities, were one warranted, should await full factual

development, as occurred in *Opulentica*, 479 F. Supp. 2d at 322 (ruling on motion for summary

judgment), and *Falbo*, 14 F. Supp. 2d at 517 (same).

For the foregoing reasons and for those set forth in Plaintiffs' memorandum of law in opposition to the SAC Motion, the Court should deny Dr. Gilman's Joinder in its entirety.

Dated:  New York, New York
        June 9, 2014                           Respectfully submitted,

**SCOTT+SCOTT,**
**ATTORNEYS AT LAW, LLP**              **WOHL & FRUCHTER LLP**

By: *Deborah Clark-Weintraub* /EDW    By: *Ethan Wohl*
    Deborah Clark-Weintraub               Ethan D. Wohl
    Joseph P. Guglielmo                   Krista T. Rosen
    Tom Laughlin                         Sara J. Wigmore
The Chrysler Building                 570 Lexington Avenue, 16th Floor
405 Lexington Avenue, 40th Floor       New York, New York 10022
New York, New York  10174           Telephone: (212) 758-4000
Telephone: (212) 223-6444            Facsimile: (212) 758-4004

Gregg S. Levin                       Marc I. Gross
David P. Abel                          Tamar A. Weinrib
**MOTLEY RICE LLC**                 **POMERANTZ LLP**
28 Bridgeside Boulevard              600 Third Avenue, 20th Floor
Mt. Pleasant, South Carolina  29464    New York, New York  10016
Telephone: (843) 216-9000            Telephone: (212) 661-1100
                                  Facsimile: (212) 661-8665

*Co-Lead Counsel for the* Birmingham   *Co-Lead Counsel for the* Kaplan *Plaintiffs*
*Plaintiffs and the Wyeth Investor Class*   *and the Elan Investor Class*