UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID E. KAPLAN, et al.,<br><br>        Plaintiffs,<br><br>- against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 12 Civ. 9350 (VM) (KNF)<br><br>ECF Case |
| BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al.,<br>        Plaintiffs,<br><br>- against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 13 Civ. 2459 (VM) (KNF)<br><br><u>Oral Argument Requested</u> |

**DEFENDANT SIDNEY GILMAN'S JOINDER IN REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE JOINT CONSOLIDATED <u>AMENDED CLASS ACTION COMPLAINT</u>**

BRACEWELL & GIULIANI LLP

1251 Avenue of the Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100

*Attorneys for Defendant Sidney Gilman*

Defendant Sidney Gilman, M.D. ("Dr. Gilman") respectfully joins in Reply in Further Support of its Motion to Dismiss the Joint Consolidated Amended Class Action Complaint (the "Reply") filed by Defendants S.A.C. Capital Advisors, L.P.; S.A.C. Capital Advisors, Inc.; CR Intrinsic Investors, LLC; CR Intrinsic Investments, LLC; S.A.C. Capital Advisors, LLC; S.A.C. Capital Associates, LLC; S.A.C. International Equities, LLC; S.A.C. Select Fund, LLC; and Steven A. Cohen (collectively, the "SAC Defendants"), with respect to the first and second claims, the only claims in which Dr. Gilman is named as a defendant.

Plaintiffs do not dispute that Dr. Gilman has fully disgorged to the SEC all earnings from the alleged misconduct, and that Dr. Gilman did not trade in Elan and Wyeth stock. Plaintiffs' only argument against Dr. Gilman's dismissal from the case is on joint and several liability grounds.[1] Plaintiffs argue in their Response to Defendant Sidney Gilman's Joinder in Motion to Dismiss the Joint Consolidated Amended Class Action Complaint (the "Response") that imposing joint and several liability is mandatory under Section 20A(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), which provides that tippers "*shall* be jointly and severally liable."[2]  (Response at 2 (quoting 15 U.S.C. § 78t-1(c) (emphasis added.)))

Plaintiffs cite no case law to support their contention that courts lack discretion regarding joint and several liability under Section 20A(c), and the legislative history they cite merely parrots the statutory provision. (Response at 2.) Plaintiffs ignore that the Second Circuit has held that the substantively identical "shall" phrase in the same chapter of the Exchange Act does not foreclose judicial discretion. Section 20(a) of the Exchange Act, which also is in Chapter

---

[1] The two claims for which Dr. Gilman is named as a defendant allege liability under Section 10(b) of the Exchange Act of 1934, SEC Rule 10b-5, and Section 20A of the Exchange Act. Notably, Plaintiffs do not assert that Dr. Gilman is jointly and severally liable under Section 10(b) or Rule 10b-5, and the statute and rule do not provide for such liability.

[2] Section 20A(c), which applies to stockholder plaintiffs, provides in full: "Any person who violates any provision of this chapter or the rules or regulations thereunder by communicating material, nonpublic information shall be jointly and severally liable under subsection (a) of this section with, and to the same extent as, any person or persons liable under subsection (a) of this section to whom the communication was directed." 15 U.S.C. § 78t-1(c).

2B, states that a controlling person "*shall* also be liable jointly and severally with and to the same extent as" the controlled person.³  15 U.S.C. § 78t(a) (emphasis added).  It is settled law in the Second Circuit that, notwithstanding the inclusion of the term "shall" in Section 20(a), courts have discretion to determine whether to impose joint and several liability on a defendant.  *See, e.g., SEC v. First Jersey Sec., Inc.,* 101 F.3d 1450, 1474-76 (2d Cir. 1996); *SEC v. U.S. Envtl., Inc.*, 2003 WL 21697891 (S.D.N.Y. July 21, 2003).

In *First Jersey*, the Second Circuit affirmed that the court has discretion to fashion a disgorgement order.  101 F.3d at 1474-75.  In that case, the court held that the individual defendant, the sole owner and operator of the co-defendant firm, was jointly and severally liable under Section 20(a) for disgorgement because he was a "control person" of the firm.  *Id.* at 1461 (citing *SEC v. First Jersey Sec., Inc.*, 890 F. Supp. 1185, 1201-02 (S.D.N.Y. 1995)).  The Second Circuit held that:

> [W]here a firm has received gains through its unlawful conduct, where its owner and chief executive officer has collaborated in that conduct and has profited from the violations, and where the trial court has, within the proper bounds of discretion, determined that an order of disgorgement of those gains is appropriate, *it is within the discretion of the court to determine that the owner-officer too should be subject, on a joint and several basis, to the disgorgement order*."

*Id.* at 1475 (emphasis added); *see also U.S. Envtl.,* 2003 WL 21697891, at *26 (holding "control person" of corporate defendant jointly and severally liable).  In further support of its finding the CEO jointly and severally liable under Section 20(a), the *First Jersey* court determined that he was "intimately involved" in the preparation of the fraud and "profited from the violations."  101 F.3d at 1475.

---

³ Section 20(a) provides in full: "Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable (including to the Commission in any action brought under paragraph (1) or (3) of section 78u(d) of this title), unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."  15 U.S.C. § 78t(a).

Here, in stark contrast to the SAC Defendants' traders and managers, Dr. Gilman was not an employee of SAC, and it is not disputed that he did not trade or profit from the SAC Defendants' trades, or that he fully disgorged his consulting fees.  Thus, as courts have done under the analogous Section 20(a), this Court should exercise its discretion and hold that joint and several liability as to Dr. Gilman is unwarranted and dismiss him from this litigation.

Judicial discretion is required in assessing joint and several liability, as courts must always determine how to apportion liability and damages appropriately.  In exercising discretion over joint and several liability and disgorgement amounts, courts consider the relative culpability of each party and what pecuniary benefit each obtained.  *See First Jersey*, 101 F.3d at 1475-76; *SEC v. Syndicated Food Serv. Int'l*, 2014 WL 1311442, at *19 (E.D.N.Y. Mar. 28, 2014) ("[A] finding of joint and several liability is not warranted" because defendants "operated at a relatively low level," their "ill-gained profits were . . . small in comparison to" other co-defendants, and they did not make "their transactions in concert or . . . instruct[] one another on what sales to make.").  Here, the amended complaint alleges that the profits the SAC Defendants gained and the losses they avoided from their trading exceeded $1.1 billion; by comparison, Dr. Gilman earned only approximately $100,000 for his consultations -- not for any trading. (Joint Consolidated Amended Class Action Complaint at ¶¶ 530, 532.)  The amended complaint further alleges that the SAC Defendants did not fully disgorge profits earned and/or losses avoided from the alleged unlawful trading, or the appropriate amount of prejudgment interest.  (*Id.* at ¶¶ 29, 519-21.)  In contrast, the amended complaint does not allege that Dr. Gilman failed to disgorge in full.  (*See id.* at ¶ 6.)

Plaintiffs also contend that the Court "should await full factual development" before weighing the equities of requiring Dr. Gilman to remain a defendant in this action.  (Response at 2.)  Yet Plaintiffs do not identify which facts they want to pursue, what information they claim to

need, or for what purpose they seek such information.  No discovery is warranted to decide Dr. Gilman's motion, which is directed only to the allegations in the amended complaint.  As part of his full cooperation with the government's investigation and prosecution, Dr. Gilman testified during Defendant Matthew Martoma's criminal trial in extensive detail over five days, including three days on cross-examination, spanning nearly 800 pages of trial transcript.  Plaintiffs have not identified any issues that were not fully addressed by Dr. Gilman during his comprehensive testimony or are not a matter of public record.  The amended complaint does not contain any allegations that would require additional fact discovery as to Dr. Gilman in order to grant his motion.  Based solely on the pleadings, the Court may weigh the equities and exercise its discretion to grant Dr. Gilman's motion and discharge him from a theoretical application of joint and several liability.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Reply, Dr. Gilman respectfully requests that the Court dismiss in full and with prejudice the claims in the amended complaint alleged against all parties.  However, even if the motion to dismiss is denied, Dr. Gilman respectfully requests that the Court dismiss the amended complaint as to him.  To hold the 81-year-old Dr. Gilman jointly and severally liable for over one billion dollars in alleged earnings and avoided losses of the SAC Defendants on these facts and circumstances would be inequitable and inconsistent with the rulings in the Second Circuit.

Dated: New York, New York
June 26, 2014

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP

        By: /s/ Laurence Silverman
            Laurence A. Silverman
            David R. Kolker

        1251 Avenue of the Americas
        New York, New York  10020-1104
        (212) 508-6100
        larry.silverman@bgllp.com
        david.kolker@bgllp.com

        *Attorneys for Defendant Sidney Gilman*

#4613798.15