## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212-373-3020

WRITER'S DIRECT FACSIMILE
212-492-0020

WRITER'S DIRECT E-MAIL ADDRESS
dkramer@paulweiss.com

July 21, 2014



**By Facsimile**

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York, 10007-1312

   Kaplan v. S.A.C. Capital Advisors, L.P., et al. No 12 Civ. 9350

Dear Judge Marrero:

   On behalf of the SAC Defendants, we write in response to plaintiffs' letter to the Court dated July 18, 2014.

   We do not agree with every statement contained in plaintiffs' letter, but we will not belabor the point since the parties have nonetheless reached agreement on a proposed plan for moving the case forward. Notwithstanding that plaintiffs have neither filed their draft RICO claims nor stated their definitive intent to do so, the SAC Defendants have agreed to provide plaintiffs with a letter (like the pre-motion letter described in Your Honor's Individual Practices) setting forth the significant legal defects in those claims, to which plaintiffs will then respond. Plaintiffs will thus have the benefit of the SAC Defendants' views on the legal barriers presented by these claims in making their decision whether to file RICO claims at all.

   Should the Court find this proposed plan acceptable, the SAC Defendants are prepared to serve such a letter on plaintiffs by the later of August 1 or one week

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

following the Court's direction, with plaintiffs' response due two weeks later. As we informed plaintiffs, should the Court wish to be provided with copies of these letters (unlike the procedure set forth in Your Honor's Individual Practices), we will of course furnish them.

We disagree with various of the other characterizations in plaintiffs' letter, including the suggestion that defendants have refused to produce any documents required to be produced by a Court order. The SAC Defendants' motion to dismiss plaintiffs' insider trading claims is fully briefed, and the PSLRA discovery stay remains in place in this action. Defendants have fully complied with Magistrate Judge Fox's orders lifting that stay for a narrow purpose by producing, among other things, documents produced by the SAC Defendants to the Government concerning the two stocks at issue in this case, Elan and Wyeth. Plaintiffs now demand the production of documents produced by the SAC Defendants to the Government concerning trading in more than 20 *other* stocks—a request that is vastly overbroad in a case brought by shareholders of Elan and Wyeth concerning trading in Elan and Wyeth alone. We will address this discovery issue with Magistrate Judge Fox, to whom discovery has been referred in this action and before whom plaintiffs just sought to modify the operative discovery order.

Sincerely,

Daniel J. Kramer    /P.A.P.

cc: All counsel (by email)

---

The Court responded to the parties' exchange of correspondence on this matter by memo-endorsed Order dated 7-21-14 on Plaintiffs' letter dated 7-18-14. Disputes concerning discovery shall be addressed to Magistrate Judge Fox.

SO ORDERED:

7-21-14
DATE          VICTOR MARRERO, U.S.D.J.