# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com

Date 8/12/14
Docket and File

July 18, 2014

*Kevin Nathaniel Fox*
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern District of New York

**BY FACSIMILE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED  8/12/14

Hon. Kevin Nathaniel Fox
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (KNF) (All Actions)

Dear Judge Fox:

We are co-lead counsel for the *Kaplan* Plaintiffs in the above-referenced action and write on behalf of all Plaintiffs concerning a discovery dispute.

This constitutes Plaintiffs' pre-motion conference request pursuant to Paragraph 2.A of Your Honor's Individual Rules of Practice and Local Rule 37.2, and further constitutes Plaintiffs' letter motion pursuant to Part II.B of the Standing Order in Re Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York [ECF No. 2]. Plaintiffs certify that, as detailed below, they have in good faith conferred with Defendants in an effort to obtain the discovery at issue without action by the Court.

The above-referenced action is a consolidated securities class action asserting insider trading claims against S.A.C. Capital Advisors, L.P. and its affiliates (collectively, the "SAC Defendants"), among other defendants, arising out of Defendants' misappropriation of and trading on material nonpublic information concerning a clinical drug trial. The drug at issue was under development jointly by two pharmaceutical companies, Elan Corporation, plc ("Elan") and Wyeth; Plaintiffs represent the classes of Elan and Wyeth investors who traded contemporaneously with and opposite to the SAC Defendants.

The discovery dispute at issue concerns Defendants' refusal to produce a majority of the documents within the scope of Your Honor's Order entered July 19, 2013 (the "Discovery Order") [ECF No. 84], which granted partial relief from the discovery stay imposed by the Private Securities Litigation Reform Act.

### Proceedings Before this Court, Judge Marrero, and Among the Parties

On July 19, 2013, Your Honor entered the Discovery Order, directing production to the Elan Plaintiffs of all documents produced by the Securities and Exchange Commission (the "SEC")

Hon. Kevin Nathaniel Fox
July 18, 2014
Page 2

**WOHL & FRUCHTER** LLP

and U.S. Attorney's Office (the "USAO") to Defendants in the related civil enforcement and criminal actions.

Thereafter the USAO raised concerns that the production to Plaintiffs could adversely affect other pending investigations. To accommodate such concerns, Plaintiffs entered into a stipulation (the "August 2 Stipulation") [ECF No. 101] with Defendant Mathew Martoma (the only defendant possessing documents within the scope of the Discovery Order), limiting the scope of production. Paragraph 2 of the August 2 Stipulation provided that it was "without prejudice to Plaintiffs' right to seek additional discovery from Defendants upon the close of trial in the Criminal Action [and] without prejudice to the right of the USAO, the SEC, and Defendants to seek relief against and/or object to any further production."

Following execution of the August 2 Stipulation, the SAC Defendants filed objections to the Discovery Order, arguing that no discovery should be permitted and further arguing (i) that the ordered production was overbroad [ECF No. 92, at 15-16], (ii) that if any discovery were allowed, it should be "limited to documents that are related to the trading in Elan securities," *id.* at 18, and (iii) that they were "not parties to the [August 2] Stipulation" and were not bound by it. [ECF No. 100, at 6-7.] The SAC Defendants further noted that approximately 4.8 million pages originating from them had been produced by the USAO to Mr. Martoma [ECF No. 93 ¶ 3]; of these, less than half, roughly 1.8 million pages, have now been produced to Plaintiffs.

By Decision and Order entered August 23, 2013 [ECF No. 105] (the "Adopting Order"), Judge Marrero rejected the SAC Defendants' objections and adopted the Discovery Order, in its entirety, without modification.

In February 2014, following the close of Mr. Martoma's trial, Plaintiffs renewed their request for full production under the Discovery Order. The SAC Defendants ultimately disclosed their position at a March 10 meet-and-confer, arguing that documents not relating to Elan and Wyeth should not be produced on the grounds of relevance. The SAC Defendants did not dispute that the withheld documents were within the scope of the Discovery Order; rather, they based their refusal to produce on the scope limitations in the August 2 Stipulation.

Plaintiffs maintained that no scope limitation was warranted given the terms of the Discovery Order, but at the SAC Defendants' request, provided a list of document requests for purposes of defining the scope of relevant discovery. Defendants objected to the scope of Plaintiffs' requests, maintaining that discovery should generally be limited to documents concerning Mr. Martoma, Elan and Wyeth.

### Plaintiffs' Position and Relief Requested

The relevance grounds on which the SAC Defendants now oppose production were fully presented to Judge Marrero in the SAC Defendants' objections to the Discovery Order and were rejected by the Adopting Order.

In addition, the SAC Defendants' relevance objections were waived because they failed to assert them in the extensive briefing submitted to Your Honor last year leading up to the Discovery

Hon. Kevin Nathaniel Fox
July 18, 2014
Page 3

**WOHL & FRUCHTER** LLP

Order. *See Grand River Enters. Six Nations, Ltd. v. King*, No. 02 CIV. 5068 (JFK), 2009 WL 1360686, at *3 (S.D.N.Y. May 15, 2009).[1]

In either event, the Discovery Order is now law of the case. *See McKean v. City of New York*, No. 03 Civ. 7790 (RWS) (MHD), 2005 WL 2656120, at *1 (S.D.N.Y. Oct. 18, 2005) (discovery ruling constituted law of the case); *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 573-74 (S.D.N.Y. 2004) (same).

The SAC Defendants' approach here – forcing repeat motion practice over the same documents, based on arguments that were fully available at the time of the prior motion but held in reserve – should not be permitted by the Court. *See Fairbaugh v. Life Ins. Co. of N. Am.*, 872 F. Supp. 2d 174, 179 (D. Conn. 2012) (denying motion to reconsider, explaining that "[e]conomy in the use of judicial and litigants' resources would be ill-served by a rule that would enable parties to hold some of their arguments in reserve for possible use after a ruling is issued.").

That rule should apply with even greater force where, as here, the parties resisting discovery have resorted to self-help, refusing to make discovery within the scope of the Court's Order based on barely-colorable grounds. The SAC Defendants' contention that the August 2 Stipulation entitles them to relitigate an issue presented to, and squarely rejected by, the District Judge is not defensible. Indeed, in the briefing submitted to Judge Marrero, the SAC Defendants took the contradictory position that they were not parties to, or bound by, that stipulation.

The arguments now asserted by the SAC Defendants do not warrant this Court reconsidering the Discovery Order. The withheld documents are undisputedly within the scope of that Order, and the Court should direct that production of all documents within the scope of the Discovery Order be made forthwith.

Respectfully submitted,

*Ethan Wohl*

Ethan D. Wohl

cc: Hon. Victor Marrero (by overnight mail)
All Counsel of Record (via email)

---

[1] The closest the SAC Defendants came to any such argument was an objection that the production sought by Plaintiffs was insufficiently "particularized" within the meaning of 15 U.S.C. § 78u-4(b)(3)(B). [*See* ECF No. 77, at 18-19.]