```
                                        DOCUMENT
                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT            DOC #: _____
SOUTHERN DISTRICT OF NEW YORK           DATE FILED: 9/9/14
------------------------------------x
DAVID E. KAPLAN, et al.,            :
                                    :   12 Civ. 9350 (VM)
                    Plaintiffs,     :
                                    :   DECISION AND ORDER
     - against -                    :
                                    :
S.A.C. CAPITAL                      :
ADVISORS, L.P., et al.,             :
                                    :
                    Defendants.     :
------------------------------------x
```

**VICTOR MARRERO, United States District Judge.**

### I. BACKGROUND

On July 19, 2013, Magistrate Judge Kevin Fox, to whom this matter had been referred for supervision of pretrial proceedings, issued an Order (the "2013 Order"). (Dkt. No. 84.) Magistrate Judge Fox considered Plaintiffs' motion for an order granting them relief from the stay of discovery pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). In relevant part, the 2013 Order: 1) granted Plaintiffs' motion in part by modifying the PSLRA discovery stay "for the limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York in connection with United States v. Martoma, No. 12 Cr. 973 (PGG) and SEC v. CR

Intrinsic Investors, LLC, No. 12 Civ. 8466 (VM)"; and 2) denied Plaintiffs' request for relief from the PSLRA discovery stay with respect to "trading records evidencing Defendants' trades in Elan Corporation, plc securities" during the relevant class period. (Id. at 1-2.)

Defendant Mathew Martoma ("Martoma") subsequently filed objections to the 2013 Order, as did defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (collectively, the "SAC Defendants"). (Dkt. Nos. 90, 92.) In addition, the SAC Defendants filed a motion to stay the 2013 Order in connection with their objections. (Dkt. No. 91.) Plaintiffs filed a response (Dkt. No. 96), and the SAC Defendants filed a reply (Dkt. No. 100).

Plaintiffs and Martoma reached a stipulation regarding discovery in this matter, thus mooting Martoma's objections, and Magistrate Judge Fox approved it. (Dkt. No. 98.) The stipulation required Martoma to provide plaintiffs with, among other materials, certain documents initially produced by S.A.C. Capital Advisors, L.P. and its affiliates, relating to "trades in Elan Corporation, plc and Wyeth Securities, short

-2-

positions therein, options thereon, and any other derivatives whose price is linked to the trading price of such securities" from July 1, 2006 to August 30, 2008. The stipulation was made without prejudice to the Plaintiffs' right to seek further discovery upon the close of Martoma's trial. (Dkt. No. 101 at 2.) The SAC Defendants were not parties to the stipulation.

In a decision and order dated August 23, 2013, this Court adopted the 2013 Order in its entirety. (Dkt. No. 105.) The Court further denied the SAC Defendants' objections to the 2013 Order. (Id.) Finally, the Court denied Martoma's objections as moot, based on the stipulation between Plaintiffs and Martoma. (Id.)

Following the close of Martoma's trial in February 2014, Plaintiffs sought the full discovery from Defendants described in the 2013 Order irrespective of the stipulation between Plaintiffs and Martoma -- filing a letter with Magistrate Judge Fox requesting that he direct Defendants to produce such documents. (Dkt. No. 147.) On August 13, 2014, Magistrate Judge Fox issued an order (the "2014 Order") mandating that "all documents produced to the defendants by the Securities and Exchange Commission and the United States Attorney's

Office for the Southern District of New York, via discovery, in the actions <u>United States v. Martoma</u>, No. 12 Cr. 973 (PGG) and <u>SEC v. CR Intrinsic Investors, LLC</u>, No. 12 Civ. 8466 (VM), be disclosed to the plaintiffs . . . ." (Dkt. No. 151.) Martoma filed objections to the 2014 Order (Dkt. No. 158) and also a motion to stay the 2014 Order (Dkt. No. 157). The SAC Defendants did the same. (Dkt. Nos. 155, 156.) Subsequently, Plaintiffs filed a response. (Dkt. No. 161.)

For reasons stated below, the Court adopts the 2014 Order in entirety.

## II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(a) governs the Court's review of a magistrate judge's order on nondispositive matters such as this one. See <u>Thomas E. Hoar, Inc. V. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."). Under that rule, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.'" MacWade v. Kelly, 230 F.R.D. 379, 381 (S.D.N.Y. 2005) (quoting United States v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948)).

The magistrate judge's non-dispositive rulings should be afforded substantial deference. See R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the conclusions of the magistrate judge with regard to such matters. See Fed. R. Civ. P. 72(a); see also DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

### III. DISCUSSION

Having conducted a review of the record of the matter before the Court, including the parties' respective papers submitted in connection with this proceeding, as well as the 2014 Order and applicable legal authorities, the Court concludes that the 2014 Order is not clearly erroneous or contrary to law and is thus warranted. Accordingly, the Court adopts the 2014 Order in its entirety.

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Order of Magistrate Judge Kevin Fox

dated August 12, 2014 (Dkt. No. 151) is adopted in its entirety, and the objections (Dkt. No. 156) of defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (the "SAC Defendants") are DENIED, and the motion to stay the Order filed by the SAC Defendants (Dkt. No. 155) is also DENIED. The objections (Dkt. No. 158) of defendant Mathew Martoma ("Martoma") are DENIED, and the motion to stay the Order filed by Martoma is also DENIED.

**SO ORDERED.**

Dated:   New York, New York
         9 September 2014

                              Victor Marrero
                                U.S.D.J.