UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| DAVID E. KAPLAN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>      Defendants. | No. 12 Civ. 9350 (VM) (KNF)<br><br>ECF CASE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>      Defendants. | No. 13 Civ. 2459 (VM) (KNF)<br><br>ECF CASE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**THE *KAPLAN* PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO THE SAC DEENDANTS' MOTION TO COMPEL
PRODUCTION OF LITIGATION FUNDING DOCUMENTS**

                  **WOHL & FRUCHTER LLP**
                  570 Lexington Avenue, 16th Floor
                  New York, New York  10022
                  Telephone: (212) 758-4000

                  **POMERANTZ LLP**
                  600 Third Avenue, 20th Floor
                  New York, New York  10016
                  Telephone: (212) 661-1100

                  *Co-Lead Counsel for the* Kaplan *Plaintiffs
                  and the Elan Investor Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ......................................................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................................... 2

    A.    Background ..........................................................................................................2

    B.    Procedural History ...............................................................................................2

ARGUMENT ................................................................................................................................. 3

I.    SPECULATIVE DISCOVERY REGARDING COUNSEL'S ADEQUACY IS NOT PERMITTED ............................................................................................................3

II.    THE SAC DEFENDANTS ARE NOT ENTITLED TO DISCOVERY BECAUSE COUNSEL'S ADEQUACY AND FINANCIAL CAPACITY ARE PRESUMED ........... 5

III.    LITIGATION FUNDING DOCUMENTS ARE NOT SUBJECT TO PRODUCTION UNLESS A SPECIFIC ISSUE IN THE CASE MAKES THEM RELEVANT .................. 7

IV.    COMMUNICATIONS WITH POTENTIAL LITIGATION FUNDERS ARE ENTITLED TO ATTORNEY WORK PRODUCT PROTECTION .................................. 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abrams v. First Tenn. Bank Nat. Ass'n*,
   No. 3:03-cv-428, 2007 WL 320966 (E.D. Tenn. Jan. 30, 2007) ................................7

*Berger v. Seyfarth Shaw LLP*,
   No. C 07-05279 JSW (MEJ), 2008 WL 4681834 (N.D. Cal. Oct. 22, 2008) ...........7

*Butto v. Collecto Inc.*,
   290 F.R.D. 372 (E.D.N.Y. 2013) ..............................................................................5

*Cohen v. Cohen*,
   No. 09 Civ. 10230 (LAP), 2015 WL 745712 (S.D.N.Y. Jan. 30, 2015) ..................8

*D.S. ex rel. S.S. v. New York City Dep't of Educ.*,
   255 F.R.D. 59 (E.D.N.Y. 2008) ...............................................................................6

*Devon IT, Inc. v. IBM Corp.*,
   C.A. No. 10-2899, 2012 WL 4748160 (E.D. Pa. Sept. 27, 2012) ............................8

*Dodona I, LLC v. Goldman, Sachs & Co.*,
   296 F.R.D. 261 (S.D.N.Y. 2014) .............................................................................5

*Doe v. Soc'y of Missionaries of Sacred Heart*,
   No. 11-cv-02518, 2014 WL 1715376 (N.D. Ill. May 1, 2014) ................................7

*Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*,
   No. 09 Civ. 3701 (JPO) (JCF), 2013 WL 1896934 (S.D.N.Y. May 7, 2013) ..........3

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   114 F.R.D. 48 (S.D.N.Y. 1987) ...............................................................................6

*Guse v. J.C. Penney Co.*,
   409 F. Supp. 28 (E.D. Wis. 1976) .......................................................................1, 4

*Kelen v. World Fin. Network Nat. Bank*,
   302 F.R.D. 56 (S.D.N.Y. 2014) ...............................................................................5

*Madanat v. First Data Corp.*,
   282 F.R.D. 304 (E.D.N.Y. 2012) .............................................................................5

*Miller UK Ltd. v. Caterpillar, Inc.*,
   17 F. Supp. 3d 711 (N.D. Ill. 2014) ......................................................................7, 8

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
   No. 2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4, 2011) .............9

*Piazza v. First Am. Title Ins. Co.*,
  No. 3:06 CV 765 (AWT), 2007 WL 4287469 (D. Conn. Dec. 5, 2007) ...............3

*Pritchard v. County of Erie*,
  269 F.R.D. 213 (W.D.N.Y. 2010) ...............6

*Reid v. Donelan*,
  297 F.R.D. 185 (D. Mass. 2014) ...............6

*Rodriguez v. It's Just Lunch, Int'l*,
  300 F.R.D. 125 (S.D.N.Y. 2014) ...............5

*Thompson v. World Alliance Fin. Corp.*,
  No. 08 CV 4951 (AKT), 2010 WL 3394188 (E.D.N.Y. Aug. 20, 2010) ...............5

*Titus v. Burns & McDonnell, Inc. ESOP*,
  No. 09-00117-CV-W-DGK, 2010 WL 3713666 (W.D. Mo. Sept. 13, 2010) ...............5

*Wise v. Cavalry Portfolio Servs., LLC*,
  No. 3:09-CV-86, 2010 WL 3724249 (D. Conn. Sept. 15, 2010) ...............5

**OTHER CASES**

*Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co.*,
  C.A. No. 7841-VCP, 2015 WL 778846 (Del. Ch. Feb. 24, 2015) ...............8

*Charge Injection Techs., Inc. v. E.I. DuPont De Nemours & Co.*,
  C.A. No. 07C-12-134-JRJ, 2015 WL 1540520 (Del. Super. Mar. 31, 2015) ...............8

**FEDERAL STATUTES AND RULES**

Fed. R. Civ. P. 23(g) ...............5

**OTHER AUTHORITIES**

7 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 22:79 (4th ed. 2002) ...............4

1 William B. Rubenstein, *Newberg on Class Actions* § 3:74 (5th ed. 2011) ...............6

Pursuant to the Court's Order entered May 15, 2015 [ECF No. 179], Plaintiffs in Case No. 12 Civ. 9350 (the "*Kaplan* Plaintiffs") respectfully submit this memorandum of law in opposition to the SAC Defendants' letter motion dated February 17, 2015 (the "Letter Motion"), which seeks to compel production by the *Kaplan* Plaintiffs of "contracts, litigation funding agreements, other similar documents executed between their counsel and third parties relating to this case, and correspondence with those funders or third parties about this case (the 'Litigation Funding Documents')." *Id.* at 1.

## INTRODUCTION

The SAC Defendants' demand for discovery from counsel regarding its finances is not supported by *any* case in this Circuit that Defendants cite or that Plaintiffs have found. The only case from *any* circuit that Defendants cite is a four-decade-old decision involving a legal services office, *Guse v. J.C. Penney Co.*, 409 F. Supp. 28 (E.D. Wis. 1976). Even there, document discovery was not sought or permitted.

Defendants' intrusive demand for unprecedented discovery conflicts with the principles that discovery into class counsel's adequacy is rarely permitted, and that such discovery should not be ordered on purely speculative grounds. The issue for which they claim to seek the disclosure – counsel's "ability to pay," Letter Motion at 2 – does not support the discovery they seek because the rule in this Circuit and elsewhere is that the adequacy and financial capacity of counsel are presumed unless there is a reason to doubt them.

Defendants' stated reasons for needing discovery also do not square with the discovery they seek. They claim that they want disclosure to evaluate counsel's financial capacity, but the information concerning litigation funding that they seek would provide no basis for them to make an argument, or the Court to make a finding, regarding the overall adequacy of counsel's resources.

Defendants also claim that litigation funding "could create conflicts" between counsel and the Class, *id.*, but fail to offer even a speculative theory for what conflict might exist.

Defendants' litigation strategy has been to rely on their extraordinary resources to test the outer limits of zealous advocacy and at points, we submit, go beyond. The current demand for unprecedented disclosure furthers this strategy, and should be rejected by the Court.

Defendants' motion should also be denied because it seeks documents protected by the attorney work product doctrine.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Background

This is a securities class action asserting insider trading claims against Defendant Steven A. Cohen and various entities controlled by him (collectively, the "SAC Defendants"), among other defendants, arising out of the SAC Defendants' trading on inside information in 2006-08 concerning a clinical drug trial. The direct tippee, Mathew Martoma, a portfolio manager who collaborated closely with Mr. Cohen on the unlawful trades, was convicted of securities fraud and conspiracy to commit securities fraud after a jury trial in February 2014.

### B.   Procedural History

The Court denied in part Defendants' motions to dismiss Plaintiffs' securities claims in August 2014, the parties held their Rule 26(f) conference on September 8, 2014, and the SAC Defendants served their First Set of Document Requests directed to Plaintiffs on September 19. Their Request No. 25 sought:

> Without limitation as to date, all documents concerning the terms under which plaintiffs have retained counsel to represent them in this Action, including, but not limited to, any engagement letters, retainer agreements, contracts, litigation funding agreements, or similar documents; all documents reflecting any effort to solicit You as a party in this Action; and all documents reflecting any promises or guarantees made in exchange for participating in this Action.

Thereafter, by letter dated January 9, 2015, the SAC Defendants also requested disclosure of litigation funding documents "between plaintiffs' counsel and third parties . . . ." *See* Ex. A to Pls. Response Letter dated Feb. 20, 2015.

In the interests of efficiency, Plaintiffs agreed to deem Defendants' previously-served requests to include such documents, and the SAC Defendants' Letter Motion followed.

## ARGUMENT

### I. SPECULATIVE DISCOVERY REGARDING COUNSEL'S ADEQUACY IS NOT PERMITTED

Defendants' Letter Motion cited *no case* in which production of documents concerning counsel's financial capacity has been ordered, and Plaintiffs' research has also found none.

Rather, decisions in this Circuit have repeatedly rejected motions for intrusive discovery concerning the adequacy of class representatives and their counsel. In *Piazza v. First American Title Insurance Co.*, No. 3:06 CV 765 (AWT), 2007 WL 4287469 (D. Conn. Dec. 5, 2007), the defendant sought discovery of the plaintiff's fee agreement with counsel on the grounds that "there might be conflicts of interest" and that the agreement was relevant to "adequate funding of the lawsuit." *Id.* at *1. The court denied the motion, explaining that the defendant "presents no factual basis for speculating about conflicts of interest" and did not "provide any basis for questioning counsel's ability to adequately fund the action." *Id.*

Similarly, in *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO) (JCF), 2013 WL 1896934 (S.D.N.Y. May 7, 2013), Judge Francis rejected a motion to compel production of retainer and portfolio monitoring agreements, holding that while the defendants claimed the documents "may be relevant to the fitness of lead plaintiffs or their counsel to represent the class," they had "provided no non-speculative basis for raising such concerns." *Id.* at *2.

These decisions are consistent with the general principle that "[d]iscovery on the question of adequate representation is rarely needed or permitted." 7 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 22:79 (4th ed. 2002).

Defendants cite only one case involving financial disclosure from class counsel, *Guse v. J.C. Penney Co.*, 409 F. Supp. 28 (E.D. Wis. 1976). That four-decade-old decision involved an employment discrimination case brought by a legal services office. The defendant's motion sought a second deposition of counsel to address its "financial status" and "ability to fund the costs" of the case. *Id.* at 30. Defendants' reliance on a single case from the 1970s is instructive – there is simply no support in more recent caselaw for the kind of invasive disclosure they seek. In addition, the unusual nature of *Guse* – involving a non-profit law office and multiple depositions of its attorneys – counsels against its use as precedent here. Even in *Guse*, document disclosure was neither sought nor obtained.

Like the defendants in *Piazza* and *Fort Worth Employees*, Defendants here have cited no basis for questioning counsel's financial capacity, and the demand for financial disclosure is particularly inappropriate because the *Kaplan* Plaintiffs are represented by two firms with a combined total of over thirty attorneys. In addition, the claims are being jointly prosecuted with two other substantial firms representing Wyeth investors, Scott + Scott and Motley Rice.

Defendants' motion is further ill-founded because the disclosure they seek would not permit any credible contentions regarding the issue of financial capacity that they assert to be at issue. Defendants do not and could not accurately contend that litigation funding is counsel's only source of financing. Accordingly, the disclosure they seek would not allow them to make any argument to the Court regarding adequacy of counsel. The SAC Defendants' suggestion that

they might follow the present motion with a broader demand for discovery regarding counsel's finances, Letter Motion at 3, further supports cutting off this improper line of inquiry now.

## II. THE SAC DEFENDANTS ARE NOT ENTITLED TO DISCOVERY BECAUSE COUNSEL'S ADEQUACY AND FINANCIAL CAPACITY ARE PRESUMED

In lieu of cases supporting the propriety of the discovery they seek, Defendants cite Rule 23(g) for the general proposition that in appointing class counsel, a court "must consider . . . the resources that counsel will commit to representing the class[.]"  Letter Motion at 2.

In fact, Rule 23(g) has never been held to call for an inquiry into class counsel's finances, absent reason to doubt their resources.  Indeed, class certification decisions routinely approve counsel without *any* discussion concerning their financial capacity.  *E.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 296 F.R.D. 261, 268 (S.D.N.Y. 2014); *Kelen v. World Fin. Network Nat. Bank*, 302 F.R.D. 56, 67 (S.D.N.Y. 2014); *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 149 (S.D.N.Y. 2014).

Cases that mention the issue routinely hold that counsel's representation to the court as to the adequacy of counsel's financial resources is sufficient where there is no reason to doubt it. *E.g.*, *Wise v. Cavalry Portfolio Servs., LLC*, No. 3:09-CV-86, 2010 WL 3724249, at *5 (D. Conn. Sept. 15, 2010) (court "sees no reason to doubt [counsel's] representation that they can finance the costs of this class action"); *Thompson v. World Alliance Fin. Corp.*, No. 08 CV 4951 (AKT), 2010 WL 3394188, at *10 (E.D.N.Y. Aug. 20, 2010) (finding that "counsel have the legal and financial resources necessary to represent the putative class" based on declarations to the court); *Butto v. Collecto Inc.*, 290 F.R.D. 372, 396 (E.D.N.Y. 2013) (same).  *Accord Titus v. Burns & McDonnell, Inc. ESOP*, No. 09-00117-CV-W-DGK, 2010 WL 3713666, at *4 (W.D. Mo. Sept. 13, 2010) ("The Court presumes the adequacy of class counsel in the absence of evidence to the contrary.").  *See also Madanat v. First Data Corp.*, 282 F.R.D. 304, 314

(E.D.N.Y. 2012) (rejecting challenge to class representative despite recent home foreclosures, noting the "liberal analysis" applied to the issue of adequacy); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 53 (S.D.N.Y. 1987) (rejecting challenge to class representative where there were "no factors present which cast doubt" on adequacy).

As recognized by a leading treatise, these cases reflect the consensus rule in class actions. *See* 1 William B. Rubenstein, *Newberg on Class Actions* § 3:74 (5th ed. 2011) (most courts "will presume sufficient resources in the absence of evidence to the contrary").

In addition, courts in this Circuit and elsewhere recognize that the adequacy of counsel is demonstrated by their work in the case to date. *See Pritchard v. County of Erie*, 269 F.R.D. 213, 218 (W.D.N.Y. 2010) (citing the "substantial resources" already committed by counsel); *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F.R.D. 59, 74 (E.D.N.Y. 2008) (same); *Reid v. Donelan*, 297 F.R.D. 185, 194 (D. Mass. 2014) (finding adequacy where "counsel have already devoted significant resources to this case, and no evidence suggests that their level of commitment will diminish").

This is also the general rule in class actions. 1 Rubenstein, *supra*, § 3:74 ("When counsel has already devoted significant effort or resources to the prosecution of the action . . . , courts will usually presume that counsel will continue to devote the same level of resources going forward and this presumption weighs in favor of a finding of adequate representation.").

Here, over the past 30 months, the undersigned counsel have devoted many thousands of hours to this action, extensively developed the facts and claims, reviewed millions of pages of documents, and litigated multiple merits and discovery motions. The SAC Defendants offer no basis to question counsel's adequacy, and none exists. As previously represented in Plaintiffs'

February 20 letter response, the undersigned counsel specifically represent to the Court that our Firms have sufficient resources to see the case through trial and appeal, if need be.

In support of their motion, Defendants also speculate that litigation funding "could create conflicts" between counsel and the Class. Letter Motion at 2. Defendants do not offer any basis for this claim, and none exists. The effect of such funding is to enhance counsel's ability to match Defendants' extraordinary resources and expenditures on the litigation, and it thereby directly serves the interests of the Class.

There is simply no precedent or basis for the intrusive discovery and inquiry into counsel's adequacy that Defendants seek.

### III. LITIGATION FUNDING DOCUMENTS ARE NOT SUBJECT TO PRODUCTION UNLESS A SPECIFIC ISSUE IN THE CASE MAKES THEM RELEVANT

Contrary to Defendants' assertion, Letter Motion at 3 n.2, litigation funding agreements have been ordered produced only when relevant to a specific issue in controversy. *See Doe v. Soc'y of Missionaries of Sacred Heart*, No. 11-cv-02518, 2014 WL 1715376, at *2 (N.D. Ill. May 1, 2014) (relevant to statute of limitations defense); *Berger v. Seyfarth Shaw LLP*, No. C 07-05279 JSW (MEJ), 2008 WL 4681834, at *1 (N.D. Cal. Oct. 22, 2008) (relevant to bias of funder who was potential witness and other issues); *Abrams v. First Tennessee Bank Nat. Ass'n*, No. 3:03-cv-428, 2007 WL 320966, at *2 (E.D. Tenn. Jan. 30, 2007) (plaintiffs' financial arrangement with a co-defendant who they had sued was relevant to their credibility and to damages, *see* ECF No. 318).

Absent a finding of relevance, disclosure is not ordered. *See Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721-28 (N.D. Ill. 2014) (funding agreement not relevant; motion to compel denied).

In what appears to be the only decision in this District addressing litigation funding disclosure, a case in which Mr. Cohen is also a defendant, *Cohen v. Cohen*, No. 09 Civ. 10230 (LAP), 2015 WL 745712, at *2 (S.D.N.Y. Jan. 30, 2015), Judge Preska rejected a claim of attorney-client privilege but did not reach the issue of relevance.  The plaintiff there subsequently asserted that the requested documents lacked relevance, and the defendants, as in the cases cited above, identified various specific issues in the case that they contended rendered the materials at issue to be relevant.  *See* ECF No. 154, at 2.  The dispute apparently remains *sub judice*.

Briefly stated, *no* case supports Defendants' claim, Letter Motion at 3 n.2, that courts "routinely order" litigation funding materials to be produced.

### IV. COMMUNICATIONS WITH POTENTIAL LITIGATION FUNDERS ARE ENTITLED TO ATTORNEY WORK PRODUCT PROTECTION

Defendants' motion should also be denied because the communications they seek are entitled to attorney work product production, to the extent they reflect counsel's work product. We have not found authority in this Circuit on the issue,[1] but cases elsewhere have, apparently uniformly, recognized attorney work product protection for such communications.  *See Miller UK Ltd.*, 17 F. Supp. 3d at 734-38; *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co.*, C.A. No. 7841-VCP, 2015 WL 778846, at *9 (Del. Ch. Feb. 24, 2015); *Charge Injection Techs., Inc. v. E.I. DuPont De Nemours & Co.*, C.A. No. 07C-12-134-JRJ, 2015 WL 1540520, at *5 (Del. Super. Mar. 31, 2015); *Devon IT, Inc. v. IBM Corp.*, C.A. No. 10-2899, 2012 WL 4748160, at *1 (E.D.

---

[1]   Judge Preska's ruling in *Cohen v. Cohen* expressly noted that the issue of attorney work product protection was not presented there.  *See* 2015 WL 745712, at *2 n.1.

Pa. Sept. 27, 2012); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *2-3 (E.D. Tex. May 4, 2011).

## CONCLUSION

For the foregoing reasons, the Court should deny the SAC Defendants' Letter Motion in its entirety.

Dated: New York, New York
May 25, 2015

Respectfully submitted,

**WOHL & FRUCHTER LLP**

By: _____
Ethan D. Wohl
Krista T. Rosen
Sara J. Wigmore
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 758-4000
Facsimile: (212) 758-4004

Marc I. Gross
Michele Carino
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Co-Lead Counsel for the* Kaplan *Plaintiffs and the Elan Investor Class*