# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID E. KAPLAN, et al.,<br><br>        Plaintiffs,<br><br>    - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 12 Civ. 9350 (VM) (KNF) |
| BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al.,<br><br>        Plaintiffs,<br><br>    - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 13 Civ. 2459 (VM) (KNF) |

**SAC'S FIRST SET OF DOCUMENT REQUESTS**
**TO PLAINTIFF DAVID E. KAPLAN**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendants S.A.C. Capital Advisors, L.P., Point72 Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC, Point72 Select Investments, LLC and Steven A. Cohen hereby request that Plaintiff David E. Kaplan produce all documents requested below for inspection and copying at the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, at 1285 Avenue of the Americas, New York, NY 10019-6064 (the "Request" and "Requests"), within thirty (30) days of the Request, or at such other time and place mutually agreed upon by the parties.

## DEFINITIONS

The definitions and rules of construction set forth in Local Rule 26.3 are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "Action" refers to the consolidated lawsuits captioned *Kaplan* v. *S.A.C. Capital Advisors, L.P.*, No.12 Civ. 9350 (VM) (KNF) (S.D.N.Y.).

2. "Complaint" refers to the Joint Consolidated Second Amended Class Action Complaint filed in this action on September 3, 2014.

3. "Document" has the meaning set forth in Local Rule 26.3(c)(2). Pursuant to Federal Rule of Civil Procedure 34, the term "Document" includes all electronically stored information—including emails from all Your email addresses, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data

2

or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

    4.    "Elan" refers to Elan Corporation, plc, its predecessors, successors, parents, subsidiaries, and affiliates; each of their officers, directors, and employees; and agents of any of the foregoing persons, and any person working on their behalf.

    5.    "Including" and "Includes" means including without limitation and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

    6.    "Relating to" means having any connection, association, or concern with, or any relevance, relation, pertinence, or applicability to, or any implication for or bearing upon the subject matter of the Request and shall be construed to include summarize, constitute, refer, reflect, pertain, contain, study, analyze, consider, involve, explain, evidence, mention, support, contradict, show, discuss, describe, or comment upon.

    7.    "SAC Capital" refers to S.A.C. Capital Advisors, L.P., Point72 Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC, Point72 Select Investments, LLC, and the predecessors, successors, parents, subsidiaries, and affiliates of each of these entities.

    8.    "Security" has the meaning ascribed to it under the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

9. "Wyeth" refers to Wyeth, its predecessors, successors, parents, subsidiaries, and affiliates; each of their officers, directors, and employees; and agents of any of the foregoing persons, and any person working on their behalf.

10. "You," or "Your" refers (individually, collectively, or in any combination) to Plaintiff David E. Kaplan, and any agents, advisors, attorneys, representatives, affiliates, or any other person acting under Your control or on Your behalf, including any employees of such agents, advisors, attorneys, representatives, affiliates, or other persons.

## INSTRUCTIONS

1. Each Request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Request to which its responds. The answer to a Request shall not be supplied by referring to the answer to another Request, unless the Request referred to supplies a complete and accurate answer to the Request being answered.

2. In objecting to any Request herein, You shall identify the specific grounds for the objection in full, and shall state which documents will be withheld and which documents will be produced notwithstanding such objection. If You object to part of any Request herein, You shall specify in the objection the part of the Request objected to and shall produce all documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, see the instructions listed in Instruction 10 below.

3. No Request shall be construed to limit the scope of any other Request.

4

4.       These Requests require You to produce documents that are in Your physical possession, custody, or control, as well as documents in the possession, custody, or control of any of Your employees, affiliates, representatives, advisors, agents, associates, and attorneys, or any corporate entity that You exercise any control over or have any ownership interest in, and/or any person acting on behalf of any of the foregoing, regardless of where the documents are located. If any requested document was, but no longer is, in Your possession, state whether a copy thereof is in the possession, custody, or control of some other person or entity.

5.       You are hereby requested to produce all documents as Bates-stamped 300 DPI Group IV single-page monochrome TIFF images with accompanying document-level extracted text for electronically stored information ("ESI") or OCR for scanned hard copy documents. All spreadsheets should be produced as native format files, accompanied by a single-page TIFF placeholder. Further instructions on the requested format are provided in Schedule A attached to these Requests.

6.       Each requested document shall be produced in its entirety, along with any attachments, drafts and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings. Documents responsive to these Requests are to be clearly designated so as to reflect their source, owner and/or custodian. If a document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such documents are to be produced intact together with such file folders, loose-leaf binders or notebooks. All labels identifying

such documents, files, folders, or binders shall be copied and produced together with such documents. Documents attached to each other should not be separated, and all such attached documents shall be produced.

7. If in response to a particular Request You provide a representation that You are unable to comply with a particular Request for any reason, Defendants request that You provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request, (ii) specifying whether the inability to comply is because the particular item or category of items has never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in Your possession, custody, or control, and (iii) furnish a list specifying each document and setting forth (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) the name(s) and address(es) of each person known or believed to have possession, custody, or control of that item or category of items.

8. Whenever necessary to bring within the scope of these Requests documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (c) the disjunctive shall be deemed to include the conjunctive, and vice versa; and (d) all date ranges shall be inclusive of the first and last dates identified.

9. If any document responsive to this Request is withheld or redacted by You under a claim of privilege, You shall provide a log containing the information required by Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2.

10. Unless otherwise stated, all document requests cover the period from January 1, 2006 to December 31, 2008.

11. All Requests herein are continuing in nature and shall be construed to include any additional documents responsive to these Requests that are later discovered and that are required to be produced pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

12. Defendants reserve the right to propound additional requests for the production of documents.

## REQUESTS FOR PRODUCTION

1. All documents concerning Elan or Elan securities.

2. All documents concerning Wyeth or Wyeth securities.

3. All documents concerning bapineuzumab (also known as AAB-001), a drug tested for the treatment of Alzheimer's disease.

4. All documents concerning the bapineuzumab Phase 2 clinical trial, conducted by Elan and Wyeth.

5. All documents concerning Tysabri (also known as natalizumab, and previously named Antegren), a drug used for the treatment of multiple sclerosis.

6. Without limitation as to date, all documents concerning the allegations in the Complaint, including all documents You may use to support Your claims, and all documents referenced in and relied upon when drafting or revising the Complaint and previous Complaints in this Action.

7. Without limitation as to date, all documents relating to any confidential witnesses or sources consulted or relied upon in preparing the Complaint or referred to, quoted, or cited in the Complaint, including all documents sufficient to

7

identify such witnesses, all documents relating to any fee arrangements with such witnesses, all documents shown to such witnesses, relied on by such witnesses, provided by such witnesses, or provided by plaintiffs to such witnesses, and any notes and summaries from interviews with such witnesses.

8. Without limitation as to date, all documents relating to current or former employees at SAC Capital.

9. Without limitation as to date, all documents reflecting or concerning Your receipt, discussion, consideration of, reaction to, or reliance on any of the allegedly false or misleading statements or omissions referenced in the Complaint.

10. Without limitation as to date, all documents concerning any efforts made by You or on Your behalf to investigate or analyze the allegations or statements in the Complaint, excluding documents created by Your counsel in this Action and subject to privilege.

11. Without limitation as to date, all documents relating to or reflecting communications between or among You, on the one hand, and any other parties who transacted Elan or Wyeth securities between January 1, 2006 and December 31, 2008, on the other hand, insofar as those communications concern Elan, Wyeth, bapineuzumab, the bapineuzumab Phase 2 clinical trial, Alzheimer's disease, any of the Defendants in the Action, or any contemplated or actual litigation.

12. All documents concerning any proposed, contemplated, or actual transaction by You in any Elan or Wyeth security, including, but not limited to: (a) any document reflecting any communications, notes, or memoranda of communications with any of Your representatives, or any securities dealers or brokers, tax or financial advisors,

8

or other persons about Elan or Wyeth, any Elan or Wyeth security or any proposed, contemplated or actual transaction in any Elan or Wyeth security; (b) trade confirmations, monthly statements, and all other reports, summaries, or other documents concerning any transaction involving any Elan or Wyeth security; (c) margin agreements, pledge agreements, promissory notes, or any other documents, by which any Elan or Wyeth security was utilized by You as security for any debt or obligation or by which any money was borrowed to purchase any Elan or Wyeth security; and (d) any documents concerning any income, including dividend and interest income, received from or paid on any Elan or Wyeth security.

13. All documents concerning any realized or unrealized profit or loss relating to any purchase or sale of Elan or Wyeth securities by You.

14. All documents concerning any oral or written advice, recommendation or information pertaining to Elan, Wyeth, or Elan or Wyeth securities which You received prior to the purchase, retention, redemption and/or sale of any Elan or Wyeth security.

15. All documents concerning any information upon which You relied and/or examined in connection with the decision to purchase, retain, redeem, and/or sell any Elan or Wyeth security including, but not limited to, all documents concerning: (a) any due diligence, investigation, analysis or evaluation performed by You or on Your behalf in connection with any decision to purchase, retain, redeem and/or sell any Elan or Wyeth security; (b) the risks actually or potentially involved in purchasing, retaining, redeeming and/or selling any Elan or Wyeth securities; and (c) any securities analyst

research reports, news articles, communications from an investment advisor, and other investment advising information.

16. Documents sufficient to identify the newsletters, newspapers, magazines, reports, services, or databases subscribed to or otherwise received by You that provide investment-related and/or market-related information.

17. All annual reports, SEC filings, and analyst reports concerning Elan or Wyeth that are in Your possession, custody or control.

18. All documents concerning the reasons why You bought or sold Elan or Wyeth securities.

19. With respect to any investment account of Yours that holds or held any Elan or Wyeth security, all documents relating to the management or supervision of such an account by trustees, managers, owners, directors and/or other persons charged with such responsibility, including, but not limited to, management agreements or other contracts between You and any investment advisor.

20. All documents concerning guidelines, strategies, policies, procedures, practices, rules, goals, or criteria relating to investments or investment decisions that are made or to be made by You, including, but not limited to, documents concerning or reflecting: (a) Your investment objectives; (b) permissible investments by You or on Your behalf; (c) risk analysis or risk evaluation with respect to the purchase, retention, redemption and/or sale of securities by You or on Your behalf; (d) Your risk tolerance with respect to the purchase, retention, redemption and/or sale of securities; (e) the use of consultants with respect to the purchase, retention, redemption and/or sale of

securities by You or on Your behalf; (f) internal and external analysts used for the purpose of acquisition of securities and the evaluation of such performance.

21. To the extent You purchased Elan or Wyeth securities on behalf or for the benefit of another party, documents sufficient to identify: (a) the names of the accounts for whose benefit such Elan or Wyeth security was purchased; (b) the terms under which those accounts are maintained or those assets managed; and (c) whether those accounts have authorized the maintenance of this Action.

22. Without limitation as to date, all documents concerning the alleged amount of loss or damage suffered by You, or by members of the putative class, and concerning any alleged gain or loss avoided by defendants, by reason of any matter or allegation set forth in the Complaint, or relating to the method of calculation of that alleged loss, damage, or gain.

23. Without limitation as to date, all documents concerning any financial contribution that You and/or any member or members of the putative class have made, have committed to make or are in the process of making towards the expenses and costs of this Action.

24. Without limitation as to date, all documents concerning any consideration, of any nature, that You have received or have been promised in return for acting as a named plaintiff in this Action, including, but not limited to, all documents concerning any financial interest which you have in common with any of the law firm(s) representing any named plaintiff in the Action (or any lawyer associated with or of counsel to these law firms).

11

25. Without limitation as to date, all documents concerning the terms under which plaintiffs have retained counsel to represent them in this Action, including, but not limited to, any engagement letters, retainer agreements, contracts, litigation funding agreements, or similar documents; all documents reflecting any effort to solicit You as a party in this Action; and all documents reflecting any promises or guarantees made in exchange for participating in this Action.

26. Without limitation as to date, any solicitation received by You from any lawyers or other persons regarding a potential role in any lawsuit related to Elan or Wyeth.

27. Without limitation as to date, all documents concerning any communication between You and any person (other than Your counsel in this Action) regarding this litigation or the subject matter of this litigation, including communications between (i) You and any member of the putative Elan or Wyeth classes in the Action (or any person acting on such putative class member's behalf); (ii) You and other Lead Plaintiffs; (iii) You and any defendant in this Action; or (iv) You and any journalist, reporter, or other member of the press.

28. Without limitation as to date, all documents concerning Your decision to seek to become a class representative in this Action.

29. Without limitation as to date, all documents concerning any inquiry or complaint, whether formal or informal, by You concerning Elan, Wyeth, or Elan or Wyeth securities.

30. Documents sufficient to identify, with respect to any class action litigation in which You sought to serve or served as a named plaintiff or class

representative, or sought to be named as a class representative, or in which You brought suit derivatively on behalf of a corporation:

      (i)   the title and docket number of each case;
      (ii)  the date each case was instituted and what court;
      (iii) the names of counsel for plaintiffs and defendants;
      (iv) the pleadings, judgments, notices of settlement and motion papers in each such case;
      (v)  the present status of each case;
      (vi) whether a class was certified and Plaintiff was a member;
      (vii) for each case, if concluded, the date of conclusion and result.

31.    All transcripts of depositions or other testimony given by You in any litigation concerning any financial investment.

32.    All documents produced to or obtained by You from any third party concerning this Action, including all documents produced to You in response to a subpoena or other formal or informal discovery request.

33.    Your most recent resume or curriculum vitae.

34.    For the period from January 1, 2006 through the present, all documents relating to Your retention of documents and electronic mail.

Dated: New York, New York
September 19, 2014

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: /s/ Audra J. Soloway
Daniel J. Kramer
Michael E. Gertzman
Audra J. Soloway
Jonathan H. Hurwitz

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3020
dkramer@paulweiss.com
mgertzman@paulweiss.com
asoloway@paulweiss.com
jhurwitz@paulweiss.com

WILLKIE FARR & GALLAGHER LLP

Martin B. Klotz
Michael S. Schachter
Sameer Advani

787 Seventh Avenue
New York, New York 10019
(212) 728-8102
mklotz@willkie.com
mschachter@willkie.com
sadvani@willkie.com

*Attorneys for Defendants S.A.C. Capital Advisors, L.P., Point72 Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC, Point72 Select Investments, LLC and Steven A. Cohen*

14

# **Schedule A**

## Paul, Weiss, Rifkind, Wharton & Garrison LLP
## Requested Production Format

I. Overview

    A. All documents should be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information or optical character recognition ("OCR") text for scanned hard copy documents. Details regarding requirements, including files to be delivered in native format, are below.

II. TIFF Image Requirements

    A. All documents should be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

    B. All such images should be sequentially Bates-stamped.

    C. Images should include the following content where present:

        1. For word processing files (*e.g.*, Microsoft Word) – Hidden Text, comments and "track changes" (and similar in-line editing), headers and footers.
        2. For spreadsheet files (*e.g.*, Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).
        3. For presentation files (*e.g.*, Microsoft PowerPoint) – Speaker notes and comments.

III. Native Format Requirements

    A. Spreadsheet files

        1. Spreadsheet files (*e.g.*, Microsoft Excel) should be provided in native format named per the BegBates value for each document and delivered in a folder named Natives.
        2. In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file should be produced along with the native format version of each file.
        3. When redaction is necessary, a redacted TIFF version may be produced; Paul Weiss reserves the right to request access to the native format versions of such files.

15

B.  Multimedia files

1.  Multimedia files (*e.g.,* Audio or video files) should be provided in native format.
2.  In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file should be produced along with the native format version of each file.

C.  Other files

1.  In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files such as databases.  Paul, Weiss reserves the right to request access to the native format versions of such files.

IV.  Image Load/Cross Reference File Requirements

A.  A single-page image load/cross reference file should be provided with each production.

B.  The file may be in either IPRO (.lfp) or Opticon (.opt) format as in the samples below (note that volume label information – "@MSC001" in the sample IPRO file and "MSC001" in the sample Opticon file – is optional):

*Sample IPRO .lfp file*
IM,MSC00000014,D,0,@MSC001;MSC\0000;00000014.TIF;2
IM,MSC00000015,,0,@MSC001; MSC\0000;00000015.TIF;2
IM,MSC00000016,D,0,@MSC001; MSC\0000;00000016.TIF;2
IM,MSC00000017,,0,@MSC001; MSC\0000;00000017.TIF;2

*Sample Opticon .opt file*
MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC\0000\00000003.TIF,,,,
MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

V.  Data Load File and Extracted Text/OCR Requirements

A.  A data load file should be provided with each production.

B.  The file should be a Concordance-loadable data file, also known as a "DAT" file, and should contain Bates-stamp and metadata information as detailed below.

C.  Extracted text and/or OCR text should not be embedded in the DAT file but should rather be provided as separate, document-level text files. Document-level text file names should contain the beginning Bates

number information of the document. If a document is provided in native format with a placeholder tiff, (*e.g.,* spreadsheet files) the text file should contain the extracted text of the native file. OCR text should be included for redacted documents.

D.  The requested delimiters and qualifiers to be used in the DAT file are:

*Record delimiter:*   Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*   ¶ (ASCII 20)
*Multi-value delimiter:*   Semicolon ; (ASCII 59)
*Text qualifier:*   Small thorn þ (ASCII 254)

E.  The DAT file should have a header line with field names and include the following fields:

| Field | Comments |
| --- | --- |
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegRange | Bates number of first page of family range, *e.g.,* first page of an email. |
| EndRange | Bates number of last page of family range, *e.g.,* last page of last attachment to an email. |
| PageCount | Number of pages in document. |
| FileExtension | Loose files, attachments and email. |
| FileSize | Loose files, attachments and email (in bytes). |
| DocTitle | Loose files and attachments only. |
| Custodian | Include field only if production is de-duped by custodian. Loose files, attachments, and email. Custodian full name formatted: LASTNAME, FIRSTNAME. |
| AllCustodian | Include field only if production is de-duped globally. Loose files, attachments, and emails. Full name of all custodians for whom the document is being produced formatted: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME |
| Author | Loose files and attachments only. |
| From | Email only. |
| To | Email only. |
| CC | Email only. |
| BCC | Email only. |
| Subject | Email only. |
| DateCreated | Loose files and attachments only. MM/DD/YYYY |
| DateModified | Loose files and attachments only. MM/DD/YYYY |

17

| Field | Comments |
|---|---|
| DateSent | Email only. MM/DD/YYYY |
| TimeSent | Email only. HH:MM:SS AM/PM |
| DateReceived | Email only. MM/DD/YYYY |
| TimeReceived | Email only. HH:MM:SS AM/PM |
| FilePath | Loose files. Original path to the file as maintained in the ordinary course of business. |
| FileName | Loose files and attachments. Name of file as maintained in the ordinary course of business. |
| MD5Hash | Some vendors will provide SHA-1 hash values. |
| ThreadID | Email thread identification value (ConversationIndex or other identifier) |
| Attachment Names | File names of attached documents (for email) |
| Num_Attachments | Number of attached documents (for email) |
| HiddenContent | For loose files and attachments only. List type of hidden content found in document (for content described in section II.C above) |
| FolderPath | Email only. Path within the mail container file (*e.g.*, PST file) to the message at collection time. |
| TextPath | The path to the extracted text or OCR for the document, including the file name. |
| NativePath | The path to the native-format file for the document, including the file name (if a native-format file is provided). |