# WOHL & FRUCHTER LLP

**MEMO ENDORSED**

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com



RECEIVED
JUN -5 2015
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/9/15

June 4, 2015

**BY FACSIMILE**

Hon. Kevin Nathaniel Fox
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

Re:   *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (KNF) (All Actions)

Dear Judge Fox:

We write on behalf of all Plaintiffs to request the Court's approval of an extension of the fact discovery completion date, and related dates, provided in the now-operative Case Management Plan and Scheduling Order.

The now-operative schedule provides for a September 30, 2015 fact discovery completion date, and Plaintiffs request an approximately two-month extension, to November 24, 2015, with a corresponding extension of the related deadlines calculated with reference thereto.  One previous extension of three months was requested and approved by the Court in February [ECF No. 175]. If approved, the total elapsed time from the parties' Rule 26(f) conference to completion of fact discovery would be 14½ months.

All Defendants consent to this request.

Plaintiffs submit that the extension requested hereby is warranted due to the volume of documents produced to them – over 15 million pages.

Respectfully submitted,

Ethan Wohl

Ethan D. Wohl

cc:   All Counsel of Record (via email)

---

6/8/15
Application denied. The Court enlarged the time for the parties to complete fact discovery activities on February 25, 2015, owing to the large number of documents that had to be reviewed. When the parties made the February enlargement request, the need to exchange and review numerous documents was contemplated. Nothing has changed; the need to review numerous documents remains. Therefore, good cause for modifying the scheduling order has not been shown. See Fed. R. Civ. P. 16(b)(4).