UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID E. KAPLAN, et al.,<br><br>        Plaintiffs,<br><br>    - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 12 Civ. 9350 (VM) (KNF)<br><br>ECF Case |
| BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al.,<br><br>        Plaintiffs,<br><br>    - against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>        Defendants. | No. 13 Civ. 2459 (VM) (KNF)<br><br>Oral Argument Requested |

**DEFENDANT MATHEW MARTOMA'S OBJECTIONS TO MAGISTRATE JUDGE FOX'S JUNE 26 ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF INDEMNIFICATION DOCUMENTS (IF ANY)**

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel Roeser (DR2380)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000
*Attorneys for Defendant Mathew Martoma*

July 10, 2015

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

PROCEDURAL BACKGROUND......................................................................................................2

I.    THIS COURT SHOULD REVERSE THE JUNE 26 ORDER AND DENY PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF INDEMNIFICATION DOCUMENTS (IF ANY)................................................................3

    A.    Standard of Review................................................................................................ 3

    B.    Indemnification Documents (If Any) Would Not Be Relevant............................ 4

    C.    Indemnification Documents (If Any) Would Be Work Product and Privileged. ... 9

II.    THIS COURT SHOULD STAY THE JUNE 26 ORDER PENDING DECISION ON THESE OBJECTIONS. .........................................................................................9

CONCLUSION.................................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Berger v. Seyfarth Shaw, LLP*,
 No. C 07-05279, 2008 WL 4570687 (N.D. Cal. Oct.14, 2008) .................................................. 6

*Brocklesby v. United States*,
 767 F.2d 1288 (9th Cir. 1985) ................................................................................................... 9

*Bryant v. Mattel, Inc.*,
 573 F. Supp. 2d 1254 (C.D. Cal. 2007) ..................................................................................... 6

*Burton v. R.J. Reynolds Tobacco Co.*,
 200 F.R.D. 661 (D. Kan. 2001) ................................................................................................. 4

*Concepcion v. City of New York*,
 No. 05-CV-8501, 2006 WL 2254987 (S.D.N.Y. Aug. 4, 2006) ................................................ 8

*Equal Employment Opportunity Comm'n v. Peters' Bakery*,
 301 F.R.D. 482 (N.D. Cal. 2014) ............................................................................................... 3

*In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*,
 838 F. Supp. 109 (S.D.N.Y. 1993) ............................................................................................ 3

*Hirsch* v. *Zavaras*,
 920 F. Supp. 148 (D. Colo. 1996) ............................................................................................. 4

*Houser v. Torres*,
 No. CV 07-0954, 2007 WL 766356 (E.D.N.Y. Mar. 8, 2007) ................................................ 10

*In re Lloyd's Am. Trust Fund Litig.*,
 No. 96-CV-1262, 1998 WL 50211 (S.D.N.Y. Feb. 6, 1998) ................................................ 4, 8

*Method Elecs., Inc. v. DPH-DAS LLC*,
 Nos. 09-CV-13078, 09-CV-14303, 2011 WL 2118951
 (E.D. Mich. May 27, 2011) ....................................................................................................... 4

*Powerlift, Inc. v. Mark Industries, Inc.*,
 No. 86-CV-2055, 1987 WL 12177 (N.D. Ill. June 9, 1987) ..................................................... 8

*Rogen v. Scheer*,
 No. 86 CIV. 2058, 1991 WL 33294 (S.D.N.Y. Feb. 22, 1991) .............................................. 10

*Samad Bros. v. Bokara Rug Co.*,
 No. 09 Civ. 5843, 2010 WL 5095356 (S.D.N.Y. Dec. 13, 2010) .............................................. 3

*Sekisui Am. Corp. v. Hart*,
    945 F. Supp. 2d 494 (S.D.N.Y. 2013) .................................................................................. 3

*Trident Steel Corp. v. Reitz*,
    No. 4:11-CV-1040, 2012 WL 6216799 (E.D. Mo. Dec. 13, 2012) ................................. 5, 6, 7

*United States v. Cathcart*,
    No. C 07–4762, 2009 WL 1764642 (N.D. Cal. June 18, 2009) ......................................... 6

*Yurman Design, Inc. v. Chaindom Enterprises, Inc.*,
    No. 99 CIV. 9307, 2000 WL 1871715 (S.D.N.Y. Dec. 20, 2000) ....................................... 3

*In re Zicam Cold Remedy Mktg., Sales Practices, & Products Liab. Litig.*,
    No. 09-MD-2096, 2010 WL 4715951 (D. Ariz. Nov. 15, 2010) ......................................... 4

**Other Authorities**

Federal Rule of Civil Procedure 26(b) ........................................................................................ 6

Federal Rule of Civil Procedure 72(a) ................................................................................... 1, 3

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant Mathew Martoma respectfully submits these objections (the "Objections") to that portion of Magistrate Judge Fox's order dated June 26, 2015 (the "June 26 Order"), granting Plaintiffs' motion to compel the production of documents concerning the indemnification of Mr. Martoma by the SAC Defendants ("Indemnification Documents") and respectfully seeks a stay of that portion of the June 26 Order pending this Court's decision on the Objections. Mr. Martoma respectfully requests that this Court (1) reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any) and (2) stay the June 26 Order pending decision on the Objections.[1]

## PRELIMINARY STATEMENT

This Court should reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any) because such documents would not be relevant in this case and would be work product and privileged communications.

*First*, Indemnification Documents (if any) would not be relevant in this case for the following separate and independent reasons:

- Plaintiffs have failed to demonstrate *how* Indemnification Documents (if any) or Mr. Martoma's (or the SAC Defendants') "motive or bias" would relate to the claims at issue in this litigation.

- Plaintiffs already have extensive discovery of the relationship between Mr. Martoma and the SAC Defendants, and the production of Indemnification Documents (if any) adds nothing to Plaintiffs' efforts to show motive or bias.

*Second*, Indemnification Documents (if any) would be work product and privileged because they would have been created in anticipation of litigation and would have reflected

---

[1] Mr. Martoma also joins in the objections filed today by the SAC Defendants to that portion of the June 26 Order that denied the SAC Defendants' motion to compel the Elan plaintiffs' litigation funding agreement and related documents.

1

confidential communications between Mr. Martoma and the SAC Defendants as part of a common interest privilege.

For all of these reasons, this Court should reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any). In the interim, this Court should stay the June 26 Order pending its decision on Mr. Martoma's Objections in order to avoid mooting the Objections by requiring the production of Indemnification Documents (if any) before those Objections can be decided.

## PROCEDURAL BACKGROUND

On September 9, 2014, Plaintiffs served their First Request for the Production of Documents Directed to All Defendants. Plaintiffs' Request No. 11 sought:

> All documents concerning SAC indemnifying, or potentially indemnifying, Martoma for all or any portion of the costs and expenses he had incurred or would incur in connection with any investigation, enforcement action or prosecution by the United States Securities and Exchange Commission, the United States Department of Justice, or any other governmental agency.

On October 9, 2014, Mr. Martoma objected to Plaintiffs' Request No. 11 on relevance and privilege grounds (among others):

> Mr. Martoma further objects to this request on the grounds that it calls for information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Martoma further objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other privileges, doctrines, or immunities.

Plaintiffs moved to compel the production of Indemnification Documents (if any) on February 17, 2015, and Magistrate Judge Fox granted Plaintiffs' motion in the June 26 Order. The June 26 Order provided no explanation of the grounds for the decision but simply stated without elaboration:

> The Court has considered all the submissions made in connection with the parties' respective motions and has determined to . . . grant the plaintiffs' request for

> documents concerning the indemnification of defendant Martoma by the S.A.C. defendants . . .

(Order at 2.) These Objections to the June 26 Order follow.

I. **THIS COURT SHOULD REVERSE THE JUNE 26 ORDER AND DENY PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF INDEMNIFICATION DOCUMENTS (IF ANY).**

    A. **Standard of Review.**

Pursuant to Rule 72(a), this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Since it is the Magistrate Judge's determination of the relevancy of . . . document requests that is in dispute, the contrary to law standard for legal questions is applicable." *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 112 (S.D.N.Y. 1993). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 502 (S.D.N.Y. 2013) (citations omitted). As courts in this District have recognized, the application of this standard is more difficult where, as here, "the Magistrate Judge provided no explanation for his ruling." *Samad Bros. v. Bokara Rug Co.*, No. 09 Civ. 5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010); *Yurman Design, Inc. v. Chaindom Enterprises, Inc.*, No. 99 CIV. 9307, 2000 WL 1871715, at *4 (S.D.N.Y. Dec. 20, 2000).

Mindful of this Court's Order dated August 23, 2013, Mr. Martoma respectfully submits in order to preserve the record that this Court should review the June 26 Order *de novo* because the June 26 Order provided no explanation of the grounds for the decision granting Plaintiffs' motion to compel the production of Indemnification Documents (if any). *See supra* at 2. Where, as here, the decision under review does not offer a reasoned explanation, courts have found *de novo* review appropriate. *See Equal Employment Opportunity Comm'n v. Peters' Bakery*, 301

F.R.D. 482, 486 (N.D. Cal. 2014) (where a magistrate judge's discovery order provided "no discussion of the rationale for ordering disclosure of the [medical] records" the court reviewed the order "*de novo* as to those records"); *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 668 (D. Kan. 2001) (applying *de novo* review to a magistrate judge's discovery order that "simply stated in conclusory fashion that the 'objections are overruled' without any elaboration or explanation of his conclusions"); *Hirsch* v. *Zavaras*, 920 F. Supp. 148, 150 (D. Colo. 1996) ("review[ing] the issues *de novo*" because, "where the magistrate judge has ruled without any discussion of his rationale, such a bare conclusion is beyond meaningful judicial review" (brackets and internal quotation marks omitted)).  The same standard of review should apply in this case.

For the reasons that follow, this Court should reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any).[2]

### B. Indemnification Documents (If Any) Would Not Be Relevant.

This Court should reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any) because Plaintiffs do not and cannot demonstrate that such documents would relate to the claims or defenses here.

Plaintiffs have not disputed that indemnification documents are not relevant, and consequently are not discoverable, unless they relate to claims or defenses at issue in the case. (*Compare* Mr. Martoma's 2/20/2015 Letter at 1 *with* Plaintiffs' 2/23/2015 Letter at 3-4.)[3]

---

[2]  Since the June 26 Order contains no reasoning, Mr. Martoma responds to Plaintiffs' arguments below.

[3]  *Accord Method Elecs., Inc. v. DPH-DAS LLC*, Nos. 09-CV-13078, 09-CV-14303, 2011 WL 2118951, at *2-3 (E.D. Mich. May 27, 2011) (denying the plaintiff's motion to compel the production of unredacted indemnification agreements because "[t]he agreements are not relevant to the claims and defenses in this action"); *In re Zicam Cold Remedy Mktg., Sales Practices, & Products Liab. Litig.*, No. 09-MD-2096, 2010 WL 4715951, at *1 (D. Ariz. Nov. 15, 2010) (denying the plaintiffs' motion to compel the production of an indemnification agreement because "an indemnity agreement that does not relate to a claim or defense is not within the scope of discoverable material"); *In re Lloyd's Am. Trust Fund Litig.*, No. 96-CV-1262, 1998 WL

4

Instead, Plaintiffs have asserted that "production of indemnification documents is necessary to reveal the Defendants' current relationship, if any, as it relates to the claims at issue in this litigation – specifically, whether Mr. Martoma is relying on SAC for payment of his defense costs, and whether SAC would be liable for any judgment obtained against Mr. Martoma." (Plaintiffs' 2/23/2015 Letter at 3.)  Plaintiffs' argument is fatally flawed for at least the following separate and independent reasons:

*First*, Plaintiffs have failed to demonstrate *how* Indemnification Documents (if any) relate to the claims at issue in this litigation.  Plaintiffs have asserted that whether the SAC Defendants are indemnifying Mr. Martoma for defense costs or any judgment is relevant to "the Defendants' current relationship" and hence "motive and bias" (Plaintiffs' 2/23/2015 Letter at 3-4), but that bald assertion is not enough to show that Indemnification Documents (if any) would have a connection to Plaintiffs' claims.  *See Trident Steel Corp. v. Reitz,* No. 4:11-CV-1040, 2012 WL 6216799, at *1-2 (E.D. Mo. Dec. 13, 2012) (denying the plaintiff's motion to compel interrogatory responses concerning an indemnification agreement because the plaintiff offered only "bald conclusions" that the interrogatories were "relevant to [the defendant]'s bias and/or credibility").

*Trident* is directly on point.  There, the plaintiff alleged that the defendant "unlawfully misappropriated confidential information and misdirected sales and customers." *Id.* at * 1.  The plaintiff moved to compel responses to interrogatories asking whether any third-party had agreed to indemnify the defendant for any costs and/or judgment, arguing that the interrogatories were "relevant to [the defendant]'s bias and/or credibility." *Id.*  The court found:

---

50211, at *21 (S.D.N.Y. Feb. 6, 1998) (denying the plaintiffs' motion to compel the production of indemnification agreements because **"Plaintiffs fail to show how the source of payments for this ligation are** relevant to any breach of fiduciary duty relating to self-dealing [*i.e.*, the plaintiffs' claim]").

5

> Here, [the plaintiff] jumps to the conclusion that . . . discovery into [the defendant]'s bias and credibility are directly related to the claims against [the defendant] for breach of duty of loyalty, fraud, tortious interference, and unfair competition.  However, [the plaintiff] fails to demonstrate *how* the discovery of [the defendant]'s fee arrangement is relevant to those claims against [the defendant].

*Id.* at *2 (emphasis in original).  Since "[the plaintiff] ha[d] not provided any explanation, other than bald conclusions, for its premise that discovery of [the defendant]'s fee arrangement [wa]s relevant under Fed. R. Civ. P. 26(b)," the court concluded that "[the plaintiff] ha[d] not sustained its burden under Rule 26(b) of showing that the requested discovery [wa]s relevant to the subject matter involved in the action." *Id.* (internal quotation marks omitted).  This Court should reach the same conclusion.[4]

In fact, *Trident's* reasoning applies with even greater force in this case.  Plaintiffs have failed to demonstrate how Defendants' motive or bias would relate to Plaintiffs' securities claims.  It does not.  Mr. Martoma's motive or bias at most would be relevant to impeach his testimony and, as he has repeatedly informed Plaintiffs, he does not expect to testify but rather to assert his Fifth Amendment privilege.  Therefore, Mr. Martoma's motive or bias is not relevant.  Plaintiffs have not disputed this point,[5] but instead have speculated that "Mr. Martoma's right to assert a privilege against self-incrimination will likely expire when his appeal is completed." (*Compare* Mr. Martoma's 2/20/2015 Letter at 2 *with* Plaintiffs' 2/23/2015 Letter at 4.) Plaintiffs' speculation simply proves Mr. Martoma's point.  With oral argument on Mr.

---

[4] Plaintiffs have sought to distinguish *Trident* on the basis that "the court rejected a demand that the defendant disclose indemnification by 'any third party' – a far broader request than the specific inquiry concerning the co-Defendants here." (Plaintiffs' 2/23/2015 Letter at 3.)  That is a red herring.  *Trident*'s reasoning did not turn on the breadth of the plaintiff's request, but rather the conclusory nature of the plaintiff's argument.  *Id.* at *2.

[5] Indeed, Plaintiffs have relied primarily on cases holding that indemnification agreements are relevant to the motive and bias of ***testifying witnesses***.  *See United States v. Cathcart*, No. C 07–4762, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009) (testifying defendant); *Berger v. Seyfarth Shaw, LLP*, No. C 07-05279, 2008 WL 4570687, at *1 (N.D. Cal. Oct.14, 2008) (testifying "key percipient witness"); *Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007) (testifying defendant).

Martoma's direct appeal not even scheduled until the week of October 26, 2015 – approximately one month after the close of fact discovery in this case – Plaintiffs' ruminations regarding possible testimonial credibility offer no support for their position.[6]

Moreover, apart from Plaintiffs' claims of motive or bias, the Indemnification Documents (if any) do not otherwise relate to Plaintiffs' securities claims.  Indeed, a plain reading of Plaintiffs' own First Request for the Production of Documents Directed to All Defendants emphasizes that the indemnification documents requested by Plaintiffs do *not* relate to the claims at issue in this litigation.  Plaintiffs seek documents concerning the indemnification of Mr. Martoma by the SAC Defendants "in connection with any investigation, enforcement action or prosecution by the United States Securities and Exchange Commission, the United States Department of Justice, or any other governmental agency."  (Plaintiffs' Request No. 11.)  Plaintiffs do not seek documents concerning the indemnification of Mr. Martoma by the SAC Defendants *in this case*.  Under Plaintiffs' own argument, the requested indemnification documents do not relate to the claims at issue in this litigation and, therefore, are neither relevant nor discoverable.

*Second*, even if this Court were to accept Plaintiffs' assertion that Indemnification Documents (if any) were relevant to their claims (and it should not), this Court still should deny Plaintiffs' motion to compel because Plaintiffs already have extensive discovery of the relationship between Mr. Martoma and the SAC Defendants.  Although Plaintiffs have asserted that, "[i]n the absence of disclosure, a factfinder might reasonably assume [Mr. Martoma and the

---

[6]   Plaintiffs also have asserted that "the issue of motive and bias applies equally to the testimony and litigating positions that SAC takes vis-a-vis Mr. Martoma." (Plaintiffs' 2/23/2015 Letter at 4.)  Plaintiffs have offered no explanation of how the SAC Defendants' indemnification of Mr. Martoma would affect the SAC Defendants' litigation positions, much less Plaintiffs' claims, and Plaintiffs' bald assertions are not enough.  *See Trident,* 2012 WL 6216799, at *1-2.

7

SAC Defendants] are adverse" (Plaintiffs' 2/23/2015 Letter at 3), in reality the production of Indemnification Documents (if any) adds nothing to Plaintiffs' efforts to show Mr. Martoma's motive or bias. *See Lloyd's,* 1998 WL 50211, at *20.

*Lloyd's* is instructive. There, "Plaintiffs [sought] disclosure of any agreements for indemnification or contribution in connection with this action claiming that such information is necessary to show bias if [the defendant] is a witness" (among other reasons). *Id.* at *20. The court denied the plaintiffs' motion to compel the production of indemnification agreements because (among other reasons) "the relationship between Lloyd's and Citibank [*i.e.,* the co-defendants] will certainly be raised by plaintiffs in their effort to show bias, and the details of any indemnification agreements that may exist add nothing to that argument." *Id.* The reasoning in *Lloyd's* applies equally in this case: The relationship between Mr. Martoma and the SAC Defendants will certainly be raised by Plaintiffs in an effort to show bias (if bias is even relevant), and Indemnification Documents (if any) add nothing to that argument.[7]

For these reasons, Indemnification Documents (if any) would not be relevant in this case.[8]

---

[7] Plaintiffs have sought to distinguish *Lloyd's* by arguing that "Judge Sweet refused to order production of an indemnification agreement . . . because another agreement between the parties was sufficient to demonstrate potential bias and the details of any indemnification agreements that may exist added nothing to that argument." (Plaintiffs' 2/23/2015 Letter at 4 (brackets and internal quotation marks omitted).) That is a distinction without a difference. In *Lloyd's*, the plaintiffs had evidence of the relationship between the parties in order to demonstrate potential bias. *See Lloyd's*, 1998 WL 50211, at *20. As a result, Judge Sweet refused to order the production of the indemnification agreement. *Id*. In this case, Plaintiffs have not disputed that they will raise the relationship between Mr. Martoma and the SAC Defendants in an effort to show bias. (*Compare* Mr. Martoma's 2/20/2015 Letter at 2-3 *with* Plaintiffs' 2/23/2015 Letter at 3-4.) For the same reasons as in *Lloyd's*, this Court should refuse to order the production of Indemnification Documents (if any).

[8] Plaintiffs have asserted that "indemnification agreements are regularly recognized as relevant to defendants' motive and bias." (Plaintiffs' 2/23/2015 Letter at 3.) The cases cited by Plaintiffs for this proposition (*see* Plaintiffs' 2/17/2015 Letter at 3) are inapposite. In *Concepcion v. City of New York,* No. 05-CV-8501, 2006 WL 2254987 (S.D.N.Y. Aug. 4, 2006), the court ordered the production of indemnification provisions because those provisions were relevant to the potential bias or prejudice of the City of New York, which in turn was relevant to the plaintiff's claims against the City of New York alleging the deprivation of her rights as a consequence of the City's policies and practices. *Id.* at *4. In *Powerlift, Inc. v. Mark Industries, Inc.*, No. 86-CV-2055, 1987 WL 12177 (N.D. Ill. June 9, 1987), the defendant did not object to discovery of indemnification

### C. Indemnification Documents (If Any) Would Be Work Product and Privileged.

This Court also should reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any) because such documents would be work product and privileged communications. Indemnification Documents (if any) would be attorney work product because, "[w]here a document was created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation, it falls within Rule 26(b)(3)." *U.S. v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998). Indemnification Documents (if any) would be privileged communications because the common interest privilege "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *U.S. v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). Accordingly, Indemnification Documents (if any) are not discoverable.

## II. THIS COURT SHOULD STAY THE JUNE 26 ORDER PENDING DECISION ON THESE OBJECTIONS.

This Court should stay the June 26 Order pending decision on these Objections in order to avoid mooting them. The June 26 Order calls for the production of Indemnification Documents (if any) within fourteen days, the same time period within which Mr. Martoma must file objections to that Order. If Mr. Martoma and the SAC Defendants are required to produce Indemnification Documents (if any) on the schedule set forth in the June 26 Order – before these

---

agreements as relevant to bias or prejudice, which in turn was relevant to (among other things) (1) the plaintiff's claims that the indemnifying defendant interfered with an agreement between the plaintiff and the indemnified defendant and induced the indemnified defendant to breach that agreement and (2) the co-defendants' general relationship, which was "clearly at issue in the lawsuit." *Id.* at *1-2. In *Brocklesby v. United States*, 767 F.2d 1288 (9th Cir. 1985), the court held that the indemnification agreement was admissible at trial to show the co-defendants' relationship and to attack the credibility of witnesses for the co-defendants. *Id.* at 1292-93. In contrast, in this case, Indemnification Documents (if any) are not relevant to Plaintiffs' claims, Plaintiffs already have extensive discovery of the relationship between Mr. Martoma and the SAC Defendants, and Mr. Martoma does not expect to testify.

Objections have been decided by this Court – it would effectively render the Objections moot. Therefore, a stay of discovery is warranted. *See, e.g.*, *Houser v. Torres*, No. CV 07-0954, 2007 WL 766356, at *4 (E.D.N.Y. Mar. 8, 2007) (staying a magistrate judge's order pending the district court's decision on objections because otherwise the "defendants w[ould] be denied the opportunity to seek such reconsideration"); *Rogen v. Scheer,* No. 86 CIV. 2058, 1991 WL 33294, at *9 (S.D.N.Y. Feb. 22, 1991) (noting that discovery ordered by the magistrate judge was stayed pending resolution of the objections and other motions).

## CONCLUSION

For the foregoing reasons, this Court should (1) reverse the June 26 Order and deny Plaintiffs' motion to compel the production of Indemnification Documents (if any) and (2) stay the June 26 Order pending decision on the Objections.

Dated: July 10, 2015
New York, NY

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Richard M. Strassberg
  Richard M. Strassberg (RS5141)
   (rstrassberg@goodwinprocter.com)
  John O. Farley (JF4402)
   (jfarley@goodwinprocter.com)
  Daniel Roeser (DR2380)
   (droeser@goodwinprocter.com)
  The New York Times Building
  620 Eighth Avenue
  New York, New York 10018
  Telephone:  (212) 813-8800
  Facsimile:  (212) 355-3333

  Roberto M. Braceras (RB2470)
   (rbraceras@goodwinprocter.com)
  53 State Street
  Boston, Massachusetts 02109
  Telephone:  (617) 570-1000
  Facsimile:  (617) 523-1231

  *Attorneys for Defendant Mathew Martoma*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2015, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)
