```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID E. KAPLAN, ROXY D. SULLIVAN,           :
LINDSEY RANKIN, MICHAEL S. ALLEN,            :
GARY W. MUENSTERMAN, and CHI-PIN HSU,        :
Individually and on Behalf of All Others Similarly :
Situated,                                    :
                                             :
                    Plaintiffs,              :
                                             :
              -against-                      :
                                             :
S.A.C. CAPITAL ADVISORS, L.P., S.A.C.        :
CAPITAL ADVISORS, INC., CR INTRINSIC         :
INVESTORS, LLC, CR INTRINSIC                 :
INVESTMENTS, LLC, S.A.C. CAPITAL             :
ADVISORS, LLC, S.A.C. CAPITAL                :
ASSOCIATES, LLC, S.A.C. INTERNATIONAL        :
EQUITIES, LLC, S.A.C. SELECT FUND, LLC,      :
STEVEN A. COHEN, MATHEW MARTOMA,             :
and SIDNEY GILMAN,                           :
                                             :
                    Defendants.              :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/15
```

**MEMORANDUM and ORDER**

12 Civ. 9350 (VM)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a letter motion, the defendants have requested that the Court compel the plaintiffs to produce: (a) 1,100 documents listed on the plaintiffs' Privilege Log under a privilege type styled "Family/Friend"; and (b) 5,866 documents listed on their Privilege Log under a privilege type styled "Common Interest (Elan Investors)." The plaintiffs oppose the motion.

The scope of discovery in a federal action is broad providing that, unless otherwise limited by court order, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1). At the pretrial discovery stage of a litigation, relevancy, as it relates to information sought to be disclosed, is broadly construed and incorporates information which is not admissible at trial if the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). "When a party withholds information otherwise discoverable by claiming that the

information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The Court has considered all the submissions made in connection with the defendants' motion and finds as follows:

1. Family/Friend

Inasmuch as the purported privilege type "Family/Friend" does not exist, in the absence of a showing by the plaintiffs that a ground for limiting discovery applies, such as relevancy, the documents sought to be withheld on the theory that they are protected by the alleged privilege type "Family/Friend" are discoverable. The plaintiffs have failed to make such a showing; consequently, the documents in question must be produced.

2. Common Interest

"The [common interest] doctrine 'is not an independent source of privilege or confidentiality' so that '[i]f a communication is not protected by the attorney-client privilege or the attorney work-product doctrine, the common interest doctrine does not apply.'" Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 284 F.R.D. 132, 139 (S.D.N.Y. 2012) (quoting Sokol v. Wyeth, Inc., No. 07 Civ. 8442 (SHS) (KNF), 2008 WL 3166662, at *5 (S.D.N.Y. Aug. 4, 2008)).

With respect to the documents listed on the defendants' Privilege Log as belonging to the "Common Interest" privilege type, the plaintiffs have failed to identify the underlying privilege, e.g., attorney-client or work-product, that warrants the invocation of the common interest doctrine in this case. Consequently, the plaintiffs have failed to "expressly make the claim" that

the information sought is privileged or subject to protection. Fed. R. Civ. P. 26(b)(5)(A)(i). Since the plaintiffs have not expressly claimed any applicable underlying privilege, the descriptive text provided in their Privilege Log respecting the documents sought to be withheld from disclosure does not enable the defendants to "assess the claim" of privilege, as required by Fed. R. Civ. P. 26(b)(5)(A)(ii). As a result, the documents withheld from disclosure as belonging to the "Common Interest" privilege type must be produced.

For the reasons set forth above, the Court has determined to grant the defendants' motion to compel. Therefore,

IT IS HEREBY ORDERED that the plaintiffs disclose, expeditiously, to the defendants the: (a) 1,100 documents listed on the plaintiffs' Privilege Log under the privilege type styled "Family/Friend"; and (b) 5,866 documents listed on the Privilege Log under the privilege type styled "Common Interest (Elan Investors)."

Dated: New York, New York
       July 21, 2015

SO ORDERED:

_/Kevin Nathaniel Fox/_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE