# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com

Date 9/29/15
Docket and File

/s/ Kevin Nathaniel Fox
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern District of New York

September 17, 2015

SEP 17 2015

**BY FACSIMILE**

Hon. Kevin Nathaniel Fox
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (KNF)

Dear Judge Fox:

We write on behalf of Plaintiffs concerning the deposition of Defendant Mathew Martoma.

The above-referenced action is a securities class action asserting insider trading claims against Mr. Martoma, his former employer, Defendant CR Intrinsic Investors, LLC, and various related parties.

Mr. Martoma was convicted last year of conduct related to the claims in this case, and is presently incarcerated. Mr. Martoma's appeal of his criminal conviction is pending, and his counsel have advised us that he intends to assert his Fifth Amendment privilege against self-incrimination in this action.

Discovery in this case is ongoing, the cutoff for service of discovery requests is next Monday, September 21, and the overall fact discovery cutoff is October 21.

In light of Mr. Martoma's stated intention to assert his Fifth Amendment privilege and the other discovery to date, Plaintiffs do not anticipate that a discovery deposition of Mr. Martoma will be productive. Plaintiffs have served interrogatories on Mr. Martoma, which should be sufficient to establish an adverse inference based on Mr. Martoma's anticipated assertion of his Fifth Amendment privilege in his responses. *See Shams v. Fisher*, 107 F. Supp. 2d 266, 270 (S.D.N.Y. 2000).

However, Plaintiffs seek leave of the Court to conduct a discovery deposition of Mr. Martoma after the fact discovery cutoff in the event that (1) his conviction becomes final prior to the trial in this matter, thereby potentially removing his ability to continue to assert his Fifth Amendment privilege, or (2) Defendants later raise arguments concerning either the sufficiency of his

Hon. Kevin Nathaniel Fox  **WOHL & FRUCHTER** LLP
September 17, 2015
Page 2

interrogatory responses to support an adverse inference or other matters which warrant conducting the deposition.

We requested that Defendants advise us of their position with respect to the foregoing request on August 26, and contacted them again earlier this week to renew this request; they have not stated a position.

Respectfully submitted,

*Ethan Wohl*

Ethan D. Wohl

cc:   All Counsel of Record (via email)