# GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333



April 13, 2016

**BY HAND**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Kaplan v. S.A.C. Capital Advisors, L.P., et al., No. 12 Civ. 9350 (VM) (KNF)

Dear Judge Marrero:

Pursuant to Paragraph II.A of Your Honor's Individual Practices, we write on behalf of Defendant Mathew Martoma to request a pre-motion conference to set forth the issues on which Mr. Martoma seeks to move for summary judgment. Specifically, Mr. Martoma seeks to move for partial summary judgment on the ground that Plaintiffs have failed to prove a required element of their claims for tippee liability against him – namely, damages attributable to Mr. Martoma. The parties have met and conferred concerning this request.

Plaintiffs bring claims for tippee liability against Mr. Martoma under Section 10(b) (and Rule 10b-5 promulgated thereunder) and Section 20A of the Securities Exchange Act of 1934 (the "Exchange Act"). (See Second Am. Compl. ¶¶ 652-56 (Section 10(b)), 667-71 (Section 20A).)

Plaintiffs must establish damages – including profits gained and losses avoided – to prove their claims for tippee liability against Mr. Martoma. Indeed, this Court has held in this case that "Section 20A, which governs liability to contemporaneous traders for insider trading, limits damages to 'the profit gained or loss avoided in the transaction or transactions that are the subject of the violation.'" (8/14/2014 Decision and Order (Dkt. #152), at 9 (quoting 15 U.S.C. § 78t-1(b)(1).)

Establishing damages for claims under the Exchange Act requires expert testimony, as courts have repeatedly held. "Undoubtedly, expert testimony would be needed to fix not only the amount, but the existence, of actual damages." In re Warner Commc'ns Sec. Litig., 618 F. Supp. 735, 744 (S.D.N.Y. 1985), aff'd, 798 F.2d 35 (2d Cir. 1986); see also Carpe v. Aquila, Inc., No. 02-0388-CV-W-FJG, 2005 WL 1138833, at *8 (W.D. Mo. Mar. 23, 2005) ("In a Section 10(b) and Rule 10b-5 case, expert testimony is required in order for plaintiffs to meet their burden of proof in establishing the fact of damages and the means of calculation of same.

GOODWIN | PROCTER

Hon. Victor Marrero
April 13, 2016
Page 2

Therefore, summary judgment should be granted in defendants' favor as to plaintiffs' Section 10(b) and Rule 10b-5 claims." (citing, inter alia, In re Warner Commc'ns)).

Plaintiffs seek to establish damages solely through the opinions of Gregg A. Jarrell and Arcady Zaydenverg. At the request of Plaintiffs' counsel, Professor Jarrell discussed the methodology for calculating per-share damages to class members applied in Elkind v. Liggett & Meyers, Inc., 635 F.2d 156 (2d Cir. 1980). (12/4/2015 Jarrell Report ¶ 104; see also Jarrell Dep. 119:8-13.) Professor Jarrell testified that Elkind requires making two calculations – (1) a calculation of the investor's loss equal to the difference between the original transaction price and the securities price up to a reasonable time after he learns of the tipped information or after there is a public disclosure of it, and (2) the amount gained by the inside trader, i.e., disgorgement – and then taking the lesser of the two calculations. (Jarrell Dep. 119:14-120:12; 12/4/2015 Jarrell Report ¶¶ 105-06.) The second calculation, disgorgement, is calculated as the profits gained or losses avoided based on the inside information. (8/14/2014 Decision and Order (Dkt. #152), at 9, 12.)

Professor Jarrell and Dr. Zaydenverg both admitted that they did not make the disgorgement calculation required to calculate per-share damages that are attributable to Mr. Martoma. Professor Jarrell testified that he did not calculate disgorgement at all: "I'm not calculating damages or ill-gotten gains, no." (Jarrell Dep. 122:20-24; see also 12/4/2015 Jarrell Report ¶ 106.) Rather, Professor Jarrell testified that it was his understanding that the disgorgement calculation was being performed by another purported expert, Dr. Zaydenverg. (Jarrell Dep. 122:25-123:8; 12/4/2015 Jarrell Report ¶ 106.) Dr. Zaydenverg, in turn, testified that he was not asked to, and did not, provide any opinion on the profits gained and losses avoided – i.e., the disgorgement calculation – with respect to Mr. Martoma. (Zaydenverg Dep. 158:20-161:17.)

In short, Plaintiffs seek to establish damages for tippee liability as to Mr. Martoma solely through the opinions of two purported experts, both of whom have admitted that they did not make one of the two calculations required to calculate those damages. As a result, Plaintiffs have not established any damages for tippee liability attributable to Mr. Martoma, who is entitled to summary judgment on Plaintiffs' claims for tippee liability against him.

Respectfully submitted,

Richard M. Strassberg

cc:   All Counsel of Record (via email)

Plaintiffs are directed to respond by 4-20-16 by letter not to exceed three (3) pages, to the matter set forth above by defendant Mathew Martoma.

SO ORDERED.

4-15-16
DATE        VICTOR MARRERO, U.S.D.J.

2