USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAVID E. KAPLAN et al.,

                Plaintiffs,

    - against -

S.A.C. CAPITAL ADVISORS, L.P. et al.,

                Defendants.
------------------------------------X

**ORDER**

12 Civ. 9350 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is a letter motion made by David Kaplan, a named plaintiff in this matter but not a class representative. See Letter from David E. Kaplan to the Court, Apr. 2, 2018, ECF No. 414. Kaplan requests relief from the judgment entered following Judge Koeltl's May 12, 2017 order awarding him $7,500 in compensation for his service as a named plaintiff and $5,369.45 in reimbursement for certain out-of-pocket expenses, see May 12, 2017 Order at 3, ECF No. 388. In the alternative, Kaplan requests that class counsel, Wohl & Fruchter, be permitted to compensate him from the $27 million in attorneys' fees awarded by Judge Koeltl in the same order. Kaplan bases his motion on his recent involvement in the claims administration process, primarily in February and March 2018.

    Kaplan's motion is denied. "[A Rule 60(b)(2)] movant must demonstrate that . . . the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding"

1

and "the evidence must be admissible and of such importance that it probably would have changed the outcome" had it been introduced, among other requirements. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). While Kaplan identifies certain factual developments occurring since the entry of judgment, they cannot form the basis of a Rule 60(b)(2) motion and do not remedy the fundamental legal deficiencies in Kaplan's request for compensation previously identified by Judge Koeltl. May 12, 2017 Hr'g Tr. 59:3-69:2; see 15 U.S.C. § 78u-4(a)(4) (permitting only the additional "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class"); see also, e.g., In re Initial Pub. Offering Sec. Litig., 671 F. Supp. 2d 467, 500 (S.D.N.Y. 2009) (denying compensation because "[t]hese representatives make no mention of having lost wages as a direct result of the work performed on these cases and thus are not entitled to awards for lost wages").

"Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012). While the apparently derelict performance of the claims administrator, A.B. Data, and the numerous errors it has apparently made are unquestionably

2

troubling, they are not "extraordinary circumstances" within the meaning of Rule 60(b)(6) and do not affect the careful legal analysis undertaken by Judge Koeltl in rejecting Kaplan's initial application. Kaplan also does not, and cannot, argue that failure to award him additional compensation at the rate of $540 per hour for his efforts on this matter -- beyond the scope of his service as a named plaintiff, for which he has already been compensated -- would result in "extreme hardship."

**SO ORDERED.**

Dated:  New York, New York
        April *10*, 2018

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE