USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
DAVID E. KAPLAN, et al., Individually and on
Behalf of All Others Similarly Situated,

                Plaintiffs,

- against -

S.A.C. CAPITAL ADVISORS, L.P., et al.,

                Defendants.
----------------------------------x

No. 12 Civ. 9350 (NRB) (KNF)

## [PROPOSED] CLASS DISTRIBUTION ORDER

WHEREAS, Class Representatives Chi Pin Hsu, Gary W. Muensterman and Fred M. Ross, and Lead Plaintiffs David E. Kaplan and Michael S. Allen (collectively, "Plaintiffs") have moved for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure: (1) amending the Plan of Allocation, (2) approving the administrative determinations of the Claims Administrator accepting and rejecting claims submitted in connection with the settlement of the above-captioned Action; (3) directing distribution of the Net Settlement Fund to class members whose claims have been accepted; (4) authorizing a procedure for re-distribution and donation of any remaining settlement funds following the initial distribution to class members; (5) approving payments to the Claims Administrator and to the public accounting firm that performed an independent analysis of the claim determinations, EisnerAmper LLP; and (6) authorizing destruction of paper and electronic copies of claim forms and related documentation following completion of distributions to class members;

WHEREAS, in support of the relief requested, Plaintiffs have submitted the Declarations of Eric Schachter dated August 1, 2018 (ECF No. 421, the "Schachter Declaration") and Ethan D. Wohl dated August 8, 2018 (ECF No. 420);

WHEREAS, the Court retained jurisdiction over the Settlement and disposition of the Net Settlement Fund in its Final Judgment and Order of Dismissal with Prejudice (ECF No. 391);

WHEREAS, Plaintiffs have advised the Court that the relief requested is unopposed by any class member or other interested party, to the best of Plaintiffs' knowledge, and that the Defendants take no position with respect thereto; and

WHEREAS, good cause exists for entry of the requested Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Capitalized terms not defined herein have the respective meanings set forth in the Stipulation and Agreement of Settlement dated November 30, 2016 (ECF No. 350-1, the "Stipulation"), or in the Settlement Notice.

2. The Plan of Allocation is hereby amended to (1) deem purchases of Elan ADRs on July 29, 2008 to be eligible if they occurred at a price of $31.65 (the low trading price for the day) or higher, rather than $33.75 (the closing price) or higher, and (2) deem purchases of Elan Call Options and sales of Elan Put Options on July 29, 2008 to be eligible without respect to price.

3. The administrative determinations of the Claims Administrator accepting and rejecting Claims and computing the Net Trading Losses and Recognized Claim of each Authorized Claimant pursuant to the Plan of Allocation, as set forth in Exhibit B-1 to the Schachter Declaration, are hereby approved. The late-filed Claims listed in Exhibit B-2 to the Schachter Declaration are hereby allowed; Claims that are filed after July 13, 2018, and documents and information concerning Claims that are submitted to the Claims Administrator after July 13, 2018, are hereby rejected as untimely.

4. Initial distribution of the Net Settlement Fund (the "Initial Distribution") shall be made to Authorized Claimants pursuant to the procedures set forth in paragraph 47 of the Schachter Declaration.

5. Any payment duly distributed by check as part of the Initial Distribution that has not been deposited or cashed 120 days after the initial date that checks are distributed shall be irrevocably forfeited by the Claimant.

6. A second distribution, of the remaining balance in the Net Settlement Fund (inclusive of any reserve established at the time of the Initial Distribution) (the "Second Distribution"), shall be made promptly after the expiration date set forth in paragraph 5, on a *pro rata* basis, to those Authorized Claimants who deposited or cashed payments from the Initial Distribution, who would receive a payment of $20.00 or more from the Second Distribution, and from whom a reserve deduction was made, pursuant to the procedures set forth in paragraph 47 of the Schachter Declaration.

7. Any payment duly distributed by check as part of the Second Distribution that has not been deposited or cashed 120 days after the initial date that checks are distributed shall be irrevocably forfeited by the Claimant.

8. Any remaining balance of the Net Settlement Fund after the expiration date set forth in paragraph 7, shall be paid promptly (i) one-half to the Robin Hood Foundation, and (ii) one-half to Team Rubicon, in each case assuming such organization is then recognized by the Internal Revenue Service as a not-for-profit organization described in § 501(c)(3) of the Internal Revenue Code.

9. Payment out of the Settlement Fund of the Claims Administrator's fees and the expenses of Settlement administration through the date of the Schachter Declaration, in the total

amount of $474,742.86, is approved. Without further Order of the Court, Class Counsel is authorized to direct payment to the Claims Administrator out of the Settlement Fund of up to $65,000.00 for additional fees and expenses incurred in connection with the distributions of the Net Settlement Fund and completion of the administration of the Settlement, upon presentation to Class Counsel of invoices therefor and such supporting documentation as Class Counsel may reasonably require.

10. Payment out of the Settlement Fund of EisnerAmper LLP's fees and expenses in connection with its performance of agreed-upon procedures with respect to Claim determinations, in the total amount of $250,000.00, is approved.

11. The Claims Administrator is authorized (a) to destroy paper copies of Claim Forms and related documentation one year after the date of the Second Distribution, and (b) to destroy electronic copies of Claim Forms and related documentation three years after the date of the Second Distribution.

12. The Court shall retain jurisdiction over any further application or matter which may arise in connection with the administration of the settlement of the Action.

IT IS SO ORDERED.

Dated: September 20, 2018

Honorable Naomi Reice Buchwald
United States District Judge